## BUSH v. BUSH.

No. 4981.

Court of Civil Appeals of Texas.

El Paso.

Feb. 10, 1954.

Rehearing Denied March 10, 1954.

Dwight Whitwell, McKinney, for appellant.

T. D. Wells and Frank Wear, Paris, for appellee.

FRASER, Justice.

This is an appeal from the District Court of Collin County, Texas. This is a trespass to try title suit, and suit to remove cloud from title of four tracts of land. Suit was brought in the District Court of Collin County, Texas, by W. N. Bush, as plaintiff, against Roberta Bush, as defendant. Upon a non-jury trial the court rendered judgment for plaintiff for title and possession of all the land involved, except a tract of 127 acres, known as the home place, and denied all other relief not specifically granted, and decreed that a prior divorce judgment between the parties was a valid and binding judgment and denied any relief from that judgment.

The parties were formerly husband and wife, having been divorced and property settlement made by judgment of the District Court of Collin County in 1950, said judgment was appealed and affirmed by the Amarillo Court of Civil Appeals, 237 S.W. 2d 708, upon the one proposition that no abuse of discretion had been shown in the divorce judgment in the disposition made by the court of the property. The present suit is primarily an attack upon certain provisions in the divorce judgment, brought in the same court between the same parties that rendered the judgment. The provisions under attack are alleged to be void on their face, and the cloud on plaintiff's title to the 127 acres of land, which was appellant's separate property at the time of the divorce.

Plaintiff's petition was in two alternative counts, the first being a suit to remove cloud from his title, based on the alleged invalidity of the above provisions in the divorce judgment, and the second being a straight trespass to try title count.

Appellant's first point is that the trial court erred in holding that Paragraph B of the divorce judgment was valid and binding. This paragraph reads as follows:

"Roberta Bush, plaintiff, be, and she is hereby given a life estate in or use of, the two-story residence on the 127 acre tract of land described in paragraph 4, with grounds immediately around it, the same including the garden plot and chicken house as now located, together with an easement to the cess pool and well or spring in the pasture, such right to the use of such homestead to continue until she re-marries, or abandons same, and she shall have, take and be delivered possession thereof. The cess pool and the well or spring shall be kept in repair at the cost and expense of the defendant. Plaintiff shall pay all taxes and insurance on the homestead set aside to her, including all necessary repairs thereto; and the defendant shall pay all taxes and insurance, and make all necessary repairs on the property set aside to him."

He claims that this paragraph is so vague and uncertain that it is void and unenforceable on its face. The Court of Civil Appeals affirmed this judgment and the District Court of Collin County in the matter before us entered judgment holding the divorce judgment valid and binding, but appellant urges that the matter is not res adjudicata on the ground that the question of the validity of the judgment was not passed on in the appellate court. It has been held that a trial court has the power to set aside a void judgment even though affirmed on appeal, provided the question of the validity of the judgment was not passed upon. First State Bank & Tr. Co. of Abilene v. Overshiner, Tex.Civ.App., 198 S.W. 979.

However, we believe in the present case that the matters here in litigation are res adjudicata by virtue of the affirmance

of the trial court's judgment by the Court of Civil Appeals. Examination of the judgment and record has convinced us that the Amarillo Court of Civil Appeals has in effect passed on the matters here in controversy. The alleged inadequacy of description was present and available for decision and we hold that the action of the Amarillo Court of Civil Appeals in affirming the judgment of the trial court as it did has in effect disposed of the divorce judgment and all its provisions. It is clear that both the trial court and the Amarillo Court of Civil Appeals had jurisdiction over all parties and the subject matter. We do not feel that the validity of the judgment can thus be attacked piecemeal where jurisdiction is apparent, especially where the alleged invalidity is simply a matter of a claimed inadequacy of description which is in this case a very debatable point. We accordingly overrule this point. Thompson v. Thompson, Tex.Civ.App., 238 S.W.2d 218.

■ It also seems evident from the record that appellant is here in the position of having grasped and enjoyed the provisions of this judgment and now seeks to evade any of its responsibilities. The record shows that appellant farmed the land as provided, required appellee to pay taxes, required appellee to increase the insurance on the house and fully participated in selling the community property to pay the community debts, and accepted a sum of money in the settlement of same. He now says, after having used the premises for a year or more in conformity with the judgment, that the description is inadequate, but at the same time the record reveals that he operated under said judgment for more than a year; that he knew where the premises were and that they were actually enclosed by a hedge and fence. Were the judgment wholly void the ground of estoppel would perhaps not be applicable, but such is not the case here, therefore appellant is clearly estopped from picking the judgment apart and repudiating various elements at his pleasure. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002; Thompson v. Thompson, Tex. Civ.App., 238 S.W.2d 218; Phillips v. Burns, Tex.Sup., 252 S.W.2d 927; Adams v. Adams, Tex.Civ.App., 214 S.W.2d 856.

■ We pass now to consideration of the adequacy of the description of the property awarded to Mrs. Bush. First, it must be borne in mind that the judgment attacked deals with an equitable use or trust and not with a deed, lease, or trespass to try title suit. The description therefore needs only to be sufficient to carry out the judgment of the court. Inasmuch as both parties did use their respective portions of the 127 acre tract from March 1, 1951, to September 1952, it would appear that the description was clear enough. Appellant's suit in 1952 was not brought to ask for a clarification of the judgment or for any order to assist him to carry it out, but was a suit to declare the judgment void. We feel that the description is and was sufficient for the purpose intended. In any event, either party could and can, *as they did,* with regard to the use of the water, obtain further orders from the court if necessary to clarify the judgment. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 907; Flannery v. Eblen, Tex. Civ.App., 106 S.W.2d 837; Hughes v. Hughes, Tex.Civ.App., 259 S.W. 180. This point is overruled.

■ Appellant's second point complains of the trial court's holding that Paragraph C of the divorce judgment was valid and binding. Said paragraph reads as follows:

"The plaintiff, Roberta Bush, be, and she is here given the usual and customary rentals of one-third of all grain and one-fourth of all cotton off of the 127 acres of land described in paragraph 4, payable each year as the crops are gathered."

We do not find merit in this point as its terms are clear and each party may easily resort to the trial court for further order (as they did in the matter of the use of water) if necessary to enforce or clarify the judgment.

■ Appellant's third and seventh points are based on the trial court's refusal to de-

cree title in appellant and adjudge him record owner of the disputed 127 acre tract. In order to put an end to litigation we hold that appellant is the record owner of this tract, subject to the requirements and provisions of the original divorce judgment as affirmed by the Amarillo Court of Civil Appeals, and the judgment of the trial court is accordingly reformed so as to carry out this particular holding.

 Appellant's fifth point complains of the finding that failure of the court to declare void an order of the District Court dated August 30, 1951, regulating the use by the parties of the water supply on the 127 acre tract of land. This order is clearly one of enforcement and clarification of the divorce judgment and does not pretend or attempt to change the terms of same. We have examined the authorities cited by appellant and do not find them in support of his contention under the present set of facts. The order merely regulates the use of the water granted under the divorce judgment and did so to end friction and injustice between the parties. This point is overruled.

Points 6, 8 and 9 are covered by our rulings on previous points and are accordingly overruled.

 Appellee has pointed out that appellant has accepted all the benefits under the decree, including sale of community property to pay debts, use of the farm land, etc., and paid part of the crop allotment, and required appellee to pay part of taxes and increase the insurance. All of this evidence is useful to show that the decree is capable of enforcement and that appellant evidently thought so.

 Appellant's last point urges that because there were four tracts of land involved that court should have prorated the costs, instead of adjudging them against appellant. Appellee admitted appellant's ownership of the other three tracts of land and was successful in her defense of her use of the 127 acre tract, also appellant's attorney stated to the court during introductions of admissions that the 127 acre tract was the only one in controversy. So

under Rules 131 and 141, Texas Rules of Civil Procedure, the trial court was within his authority and discretion in awarding the costs against appellant.

Except as indicated, appellant's points are overruled and the judgment of the trial court affirmed.