**Ex parte Robert W. FILEMYR,**

**No. 12171.**

Court of Civil Appeals of Texas, Austin.

May 8, 1974.

Joel B. Mitchell, Austin, for appellant.

Maxwell Bryant Stout, Austin, for appellee.

O'QUINN, Justice.

This is an original habeas corpus proceeding in this Court in which Relator Robert W. Filemyr seeks his discharge from custody of the sheriff of Travis County. Upon presentation of relator's application, this Court directed issuance of the writ and ordered release of relator upon his posting the bond fixed by this Court.

Relator was found guilty of contempt of court, after hearing held March 18, 1974, by the judge presiding in the 126th District

Court of Travis County. The trial court's order assessed penalty of "a fine of $500.00 and confinement . . . until such time as he [relator] shall present some plan reasonably satisfactory to this [District] Court for the payment of . . . arrearage and in keeping furture [sic] payments current as provided in the original Divorce Decree in this cause."

The district court found relator " . . . to be in arrears at least in the sum of $5200.00 and that he could and should have paid same, and that he is presently receiving a minimum of Military Retirement pay monthly in the sum of $793.73."

The order fails to disclose the nature of the delinquency amounting to $5,200 or the relevancy of the relator's military retirement.

Inspection of the original judgment of divorce, entered April 3, 1972, in the same court, shows that Vivian H. Filemyr, as petitioner, was granted a divorce from R. W. Filemyr, who was respondent, and that community property of the parties was partitioned by the court.

Petitioner was awarded as her separate property, among other awards, "A sum of money each month equal to thirty-six per cent (36%) of Respondent's Air Force retirement, it being understood that this sum will be thirty-six per cent (36%) of the gross monthly sum, received by Respondent or credited to Respondent."

The divorce decree made no provision for division each month of the retirement payments as received, but did recite, "The Court finds that the Air Force will not presently sever this fund to the respective parties but in the event rules and regulations pertinent to this retirement fund or the statute relevant thereto are later altered or changed to allow for a division the parties are ordered to take the necessary steps to accomplish this result."

It appears undisputed between the parties that no change has been made in regulations or statutes which at the time of divorce prevented the retirement fund from being severed to allow separate monthly payments. The parties are in agreement in this Court that relator, following the divorce, made two, possibly three, monthly payments to his former wife which represented her percentage of the military retirement payments received each month by relator. Payments ceased thereafter, and the parties agree that the $5,200 mentioned in the order of contempt is approximately the total payments not made since that time.

The original judgment of divorce did not order relator to pay thirty-six percent of the military retirement installments received by him each month, either to his former wife or to the registry of the court. The decree contains no direction to effect division of the installments. The decree did provide, however, for payment each month of $250, as child support, " . . . to the Domestic Relations Office, Registry of this Court, at the Travis County Courthouse in Austin, Texas," until the minor child should reach eighteen years of age, and these payments are not involved in this proceeding.

The Supreme Court of Texas in 1967 decided that for a person to be held in contempt for disobeying a court decree, the decree must, in clear, unambiguous and specific terms, spell out the details of compliance, " . . . so that such person will readily know what duties or obligations are imposed upon him." Ex parte Slavin, 412 S.W.2d 43, 44 (Tex.Sup.1967). In that case the Supreme Court likened that rule to the rule prevailing as to an injunctive decree, which " . . . must be as definite clear and precise as possible and when practicable it should inform the defendant of the acts he is restrained from doing, without calling on him for inferences or conclusions about which persons might well

differ and without leaving anything for further hearing." (412 S.W.2d 44–45)

The divorce decree in this case awarded the wife "A sum each month equal to thirty-six per cent" of relator's "Air Force retirement, it being understood that this sum will be thirty-six per cent (36%) of the gross monthly sum, received by Respondent [relator] or credited to Respondent." The decree also awarded to relator "Sixty-four per cent (64%) of his Air Force retirement, consistent with item 4. above," being the item awarding to the wife thirty-six percent of the retirement fund.

Except for the direction in the decree that "the parties are ordered to take necessary steps" to make severance of the retirement "in event rules and regulations . . . or the statute relevant thereto are later . . . changed to allow" division of the retirement fund, no order was made directing the parties to divide the payments each month. Presumably on his own initiative, relator remitted part of the retirement money to the wife each month for a short period following entry of the divorce decree. There was no order of the court instructing relator to remit to the wife, nor was there an order requiring relator to deposit thirty-six percent of each monthly payment, as received by him, with the clerk of the court subject to withdrawal by the wife. The latter procedure was spelled out in direct payment of child support each month, and apparently these payments have been maintained as directed by the decree.

Although relator reasonably could be expected to have understood that thirty-six percent of the retirement pay received by him each month had been awarded by the court to his former wife, the decree nevertheless signally failed to spell out in clear, specific, and unambiguous terms when and in what manner the retirement payments were to be divided between the parties. The decree did not advise relator by what specific acts he was expected each month, or each year, or at some other interval, to share the payments with his former wife.

At most it can only be said that relator has withheld from his former wife thirty-six percent of the military retirement pay received by him each month, that being the percentage awarded to her by the divorce decree. But only by inference or conclusion can it be said that relator, by so withholding these funds, has failed to comply with an order found in the divorce decree. In Ex parte Preston, 162 Tex. 379, 347 S.W.2d 938 (1961) the trial court found that Preston had $21,000 of community property in his possession and that $10,000 should be awarded the wife. The court did not order the $10,000 delivered to the wife, but ordered Preston to deliver the entire sum of $21,000 to the court, so the trial court "[could] carry out its duty to make a division between the parties." See Ex parte Yates, 387 S.W.2d 377, 380 (Tex. Sup.1965). In the case at bar no order was made having reference to division of the monthly retirement payments, either directly by relator or by the court upon delivery of the payments to the registry for such distribution.

Since the record does not disclose that relator violated an order of the trial court, stated in clear and specific terms in the divorce decree, there was no basis for holding him in contempt. Moreover, the order of the court finding relator in contempt fails to state clearly in what respect the divorce decree was violated. Ex parte Proctor, 398 S.W.2d 917 (Tex. Sup.1966). The order finding relator in contempt is void, and we will order his discharge from custody.

It also appears that there exists an accumulation, in an undetermined amount, of the wife's shares in the military retirement, which were delivered to relator in installments but not remitted by him to the former wife. In addition, there remains the question of division in the future of installment payments which under present Federal rules and statutes are paid exclusively to relator. These and related questions may be resolved under principles of

law found in Ex parte Yates, *supra,* Ex parte Preston, *supra,* Ex parte Duncan, 462 S.W.2d 336 (Tex.Civ.App. Houston 1st 1970, no writ), and in Greenhill: Habeas Corpus Proceedings, 1 St. Mary's Law Journal, 1, 12 (1969); Note: 41 Tex.L.R. 141–143 (1962).

■ In habeas corpus proceedings the Supreme Court and Courts of Civil Appeals are limited to the question of whether the commitment ordered by the trial court is void, and it is not enough that the order is erroneous, for the habeas corpus proceeding may attack only void orders. Ex parte Lee, 127 Tex. 256, 93 S.W.2d 720, 723 (1936); Ex parte Rhodes, 163 Tex. 31, 352 S.W.2d 249 (1961). Having held that the order is void, we do not reach the additional questions respecting the installments received in the past by relator and the division of installments which he may receive in the future.

It is the order of this Court that relator be discharged from the contempt judgment and that relator's sureties be released from liability on his bond. It is further ordered that the fine of $500 imposed on relator be remitted.