Ex parte Fred C. WAGLEY, Relator.

No. 1186.

Court of Civil Appeals of Texas, (14th Dist.).

Nov. 5, 1975.

Ruth Jackson Blake, Garner W. Beck, Houston, for appellant.

Macklin K. Johnson, Michael D. Stewart, Urban, Coolidge, Pennington & Scott, Houston, for appellee.

COULSON, Justice.

This is an original Habeas Corpus proceeding. Fred C. Wagley, relator, was held in contempt by the Court of Domestic Relations of Harris County for failing to comply with certain provisions of that court's orders.

A decree of divorce and judgment in favor of Mozelle Walker Wagley was entered in the matter of the marriage between Mozelle Walker Wagley and Fred C. Wagley on March 12, 1970. As a part of that judgment the trial court found that Fred C. Wagley, as a member of the armed forces of the United States of America, had earned retirement benefits amounting to $178.06 a month for his lifetime. The trial judge declared the benefits to be community property. Mozelle Walker Wagley was granted judgment against Fred C. Wagley for one-half of the retirement benefits. The judgment stated:

> It is further ORDERED, ADJUDGED AND DECREED that plaintiff have and recover judgment of and against the defendant of one-half of his Air Force retirement benefits as such benefits accrue or are received by him, paid by the United States Government or its administrative agency or upon such obligation of the Government or administrative agency to pay the same.

In September of 1972, Mozelle Walker Wagley sought to have Fred C. Wagley held in contempt of court for failure to make payments to her of one-half of the retirement benefits. A show cause hearing was held April 23, 1973. The trial judge refused to hold the relator in contempt. However, the trial judge entered an order dated May 22, 1973, stating that:

> It is therefore ORDERED, ADJUDGED and DECREED that said FRED C. WAGLEY shall from this day forward and each and every month hereafter deposit one-half (½) of the retirement check he receives from the federal government by reason of his being a retired member of the United States Air Force in the sum of $89.03 to the account of MOZELLE W. McGAUGHEY, in the Pearland State Bank, Pearland, Texas, and

> It is further ORDERED that this Court's Order entered on March 12, 1970, is clarified by this Order.

In August of 1974, Mozelle Walker Wagley again sought to hold Fred C. Wagley in contempt for failing to make payments of one-half of his retirement benefits as required by the court's orders of March 12, 1970 and May 22, 1973.

After a hearing on September 12, 1974, a judgment was entered dated November 22, 1974, holding Fred C. Wagley in contempt of court. He was ordered to be confined in the Harris County Jail for a period of three days and to be further detained by the sheriff until he should purge himself of contempt by paying the sum of $1,424.48 to Mozelle Walker Wagley McGaughey. Commitment was made contingent upon the relator's failure to pay to Mozelle Walker Wagley McGaughey the sum of $1,424.48 before 4:00 p. m., September 23, 1974. On February 18, 1975, Mozelle Walker Wagley McGaughey filed her motion for commitment seeking to have Fred C. Wagley confined for failure to meet the contingencies provided for in the trial court's contempt order of November 22, 1974. At a hearing on March 11, 1975, relator was committed to the sheriff of Harris County for confinement in accordance with the terms of the contempt order of November 22, 1974. This court thereafter granted leave to file for writ of habeas corpus, and Fred C. Wagley was released on bond.

The question presented in this proceeding is whether the trial court had jurisdiction to enter its order of May 22, 1973, clarifying the original order of the court entered on March 12, 1970. We hold that it did not.

■ The effect of the May 22nd order was to impose upon relator an affirmative obligation to place one-half of the proceeds of his monthly government retirement check into a checking account in the name of Mozelle W. McGaughey. Under the terms of the original order, entered on March 12, 1970, Mozelle W. McGaughey recovered judgment against the relator for one-half of his air force retirement benefits. However, under the original order, relator was placed under no obligation to deal affirmatively with the distribution of that asset. Hence, the May 22nd order substantively changed the terms and conditions of the earlier final judgment.

■ Under the provisions of Tex.R.Civ.P. 329b, the trial court retained for thirty days the power to amend or change its judgment rendered on March 12, 1970. At the expiration of thirty days after the date of rendition of the judgment the trial court lost jurisdiction over the judgment subject to the possibility of review under writ of error or a bill of review. *Fuller v. Walter E. Heller & Company*, 483 S.W.2d 348 (Tex. Civ.App.—Dallas 1972, no writ). This is not a case involving the mere correction of a clerical error in the judgment and the subsequent entrance of a judgment nunc pro tunc. *Arrington v. McDaniel*, 119 Tex. 148, 25 S.W.2d 295 (1930). The trial court was without jurisdiction to enter its order of May 22, 1973, altering the terms and conditions of the earlier final judgment. For that reason the trial court had no authority to hold the relator in contempt for the violation of that void order. *McCullough v. McCullough*, 483 S.W.2d 869 (Tex.Civ.App. —Tyler 1972, no writ); *Ex parte Helle*, 477 S.W.2d 379 (Tex.Civ.App.—Corpus Christi 1972, no writ).

The issue before this court is distinguished from the issue before the supreme court in *Ex parte Sutherland*, 526 S.W.2d 536 (Tex.Sup.1975). In *Sutherland* the divorce judgment rendered by the trial court awarded the wife one-half of all fleet reserve payments received by the husband. The judgment ordered the husband to pay the wife's one-half share into the Registry of the Court and the clerk was ordered to pay same to the wife. The husband failed to comply with the judgment rendered by the trial court and his commitment for contempt was upheld.

In the case before this court, the judgment rendered by the trial court on March 12, 1970 contained no such provision and after 30 days from rendition of the judgment of divorce the court under the procedure undertaken here lost jurisdiction to clarify its judgment.

The contempt order of the Court of Domestic Relations is void and the relator is ordered discharged from the custody of the sheriff.