**Ex parte Margaret B. TRICK.**

**No. 16200.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 5, 1978.

Daniel R. Rutherford, San Antonio, for appellant.

Gary D. Howard, San Antonio, for appellee.

## OPINION

MURRAY, Justice.

This is a habeas corpus proceeding. Lorence W. Trick and Margaret B. Trick were divorced on June 14, 1978, in Bexar County, Texas. The divorce judgment ordered that their home be sold and the net proceeds be divided equally between them. The divorce judgment also stated:

It is further ORDERED, ADJUDGED AND DECREED by the Court that MARGARET B. TRICK shall have the opportunity of completing or consummating the sale of the home for the sum of $150,000.00, without the necessity of a real estate commission. That if after a period of 30 days, ending August 7, 1978, such a sale is not successfully completed, then LORENCE W. TRICK shall have the opportunity of making and completing the sale of the home for a minimum of $160,000.00 out of which commissions will be paid. That in either instance upon the completion of the sale of the home, both parties are ordered to sign and complete the necessary papers for the sale of the home.

The divorce judgment further provided that Mr. Trick shall take as his separate property "the silver coin collection."

Mrs. Trick filed a motion for new trial, which was overruled by operation of law on September 11, 1978. On October 2, 1978, she perfected her appeal from this judgment to our court by posting a cost bond with the District Clerk of Bexar County, Texas.

More than 30 days after the motion for new trial had been overruled by operation of law, the trial court entered the following order:

IT IS THEREFORE ORDERED by the Court that the Petitioner, LORENCE W.

TRICK and the Respondent, MARGARET B. TRICK comply in its entirety with the decree of divorce dated July 21, 1978, by performing each and every act in preparing or delivering those items of property as enumerated in said decree of divorce and said property shall be exchanged on November 3, 1978 at 10:00 a. m. in the 224th Judicial Courtroom.

Mr. Trick filed a motion for contempt alleging that Mrs. Trick had willfully disobeyed this order by failing to perform each and every act in preparing or delivering those items of property as enumerated by the divorce decree of July 21, 1978. On November 20, 1978, the court held Mrs. Trick in contempt of court for failing to sign a listing agreement with a real estate agent and for failing to deliver the coin collection to Mr. Trick. The order of contempt decreed:

It is therefore ORDERED, ADJUDGED AND DECREED by this Court that MARGARET B. TRICK, Respondent, be and is hereby adjudged to be in contempt of this Court and that the punishment therefor be fixed and assessed at a fine of $300.00 and confinement in the jail of Bexar County, Texas, for a period of three (3) days and that Respondent be thereafter further confined in said jail until Respondent has fully purged such contempt by the full observance and obedience of the order of this Court referred to above, by the following acts:

1. Executing the listing agreement for the sale of the home and delivering to the Movant herein the silver coil [sic] collection valued at approximately $10,-000.00;

2. Paying the costs of this proceeding, to-wit: $44.00 to be paid to the District Clerk of Bexar County, Texas.

The issue in this case is whether or not Mrs. Trick has violated the order of the district court in the divorce suit which divided the Tricks' community property.

█ The divorce decree does not order Mrs. Trick to sign a listing agreement with a real estate company or to turn over the coin collection to her husband. The divorce decree divided the community property of the parties and declared their rights and obligations, but it did not reserve in the trial court any question to be determined at a later date. As a result, the trial court lost jurisdiction over this judgment thirty days after the motion for new trial was overruled. Tex.R.Civ.P. 329b. In a proper case, the trial court has jurisdiction to enforce its judgment by a contempt order. Nevertheless, after it becomes final, the trial court loses jurisdiction of the case, and it can no longer amend the judgment or grant a new trial.

█ In *Ex parte Slavin,* 412 S.W.2d 43 (Tex.1967), the Supreme Court restated with approval the accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms "so that such person will readily know exactly what duties or obligations are imposed upon him." *Id.* at 44. Since a party could be subjected to punishment for violating a court order, the specificity of this rule is paramount, and nothing should be left to implication or conjecture. Based on this rationale the Supreme Court in *Ex parte Slavin* further stated that an order "should inform the defendant of the acts he is restrained from doing, without calling on him for inferences or conclusions about which persons might well differ and without leaving anything for further hearing." *Id.* at 44–45.

█ We hold that the divorce judgment is not sufficiently definite to support the order of contempt for Mrs. Trick's failure to sign a real estate listing agreement and to deliver the coin collection to Mr. Trick. Only by inference or conclusion can it be said that Mrs. Trick has failed to comply with an order found in the divorce decree. *Ex parte Filemyr,* 509 S.W.2d 731 (Tex.Civ. App.—Austin 1974, no writ). In *Filemyr* the husband was held in contempt because he failed to pay to his wife 36 per cent of his military retirement pay which was awarded to his wife by the divorce decree. The court pointed out that there was no

order instructing the husband to remit this amount to the wife each month and held that in the absence of such an order there was no basis for holding him in contempt. *Accord, Ex parte Anderson,* 541 S.W.2d 286 (Tex.Civ.App.—San Antonio 1976, no writ).

The district court was without authority or jurisdiction to render this judgment of contempt; therefore, the order is void. The relator is ordered discharged.