Ex parte Patricia Anne McKINLEY,
Habeas Corpus Proceeding.

No. 17321.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 1, 1979.

On Rehearing March 15, 1979.

Michael C. Boltz, Houston, for appellant.

Marcus E. Faubion, Houston, for appellee.

EVANS, Justice.

In this original proceeding for a writ of habeas corpus, Patricia Ann McKinley complains of an order of contempt issued by the 257th Family District Court.

The relator's application recites that under the terms of the divorce decree in question the respondent was ordered to execute a general warranty deed conveying to the relator his undivided interest in their community owned home and relator was directed to execute a promissory note payable to respondent in the principal amount of $14,000.00, bearing interest at the rate of 9% per annum, and providing that principal and interest would be payable six months after the emancipation of the parties' two children. Under the terms of the decree the relator was also ordered to execute a deed of trust securing the payment of the note. The relator did not execute the note and deed of trust as contemplated by the divorce decree, and the respondent then brought the contempt proceedings in question.

On June 13, 1978, the trial court entered an order in the contempt proceedings, denying the respondent's motion for contempt, but ordering the relator to execute and deliver to the respondent, or to his attorney, on or before 9:00 o'clock a. m. on July 24, 1978, a real estate lien note and deed of trust in the form of those attached to the order as exhibits. Subsequently on October 5, 1978, the trial court found the relator in contempt by reason of her failure to execute and deliver the note and deed of trust as required by the aforementioned order and directed that she be confined in the Harris County Jail from day to day until the note and deed of trust were executed and delivered into court.

The relator contends that the contempt order is void because the property in question was her separate property and she argues, in effect, that the divorce decree was, therefore, invalid insofar as it sought to impose a lien on her property. She also contends that the order of June 13, 1978, did not sufficiently apprise her of her obligations under that order; that the motion for contempt did not sufficiently detail the alleged acts of disobedience under such order; and that the contempt order did not sufficiently explain the manner in which she might purge herself of the contempt. She further contends that the pleading and evidence did not establish the fact of her contempt and that the Court was without authority to enter the order upon which the contempt was based, having lost jurisdiction of the cause before the order was entered.

This proceeding constitutes a collateral attack on the trial court's contempt order, and this court may not grant a writ of habeas corpus relieving the relator from the imposition of that order unless the order is void on its face or is so completely without evidentiary support as to render it void. *Ex parte Butler,* 523 S.W.2d 309 (Tex.Civ. App.—Houston [1st Dist.] 1975, no writ). If the record shows merely that the order was erroneously entered, as distinguished from being completely void, this court is without authority to grant relator's application. *Ex parte Rhodes,* 163 Tex. 31, 352 S.W.2d 249 (1961).

The divorce court was empowered to award the community homestead to the relator and to require the respondent to execute a general warranty deed conveying to the relator his interest in the community property. It was also authorized to require

that the relator compensate the respondent for his community interest in the property and to provide that this be accomplished by means of a deferred payment. Thus, it was proper for the divorce decree to provide that the relator would be required to execute a note evidencing the deferred payment and a deed of trust securing payment of the note. The divorce decree sufficiently sets forth the material terms of the note and deed of trust to be executed, and the decree is not void for uncertainty merely because it fails to specify a date certain when the relator would be required to execute the note and deed of trust. The subsequent order entered by the trial court in aid of its decree set forth with particularity the form of the note and deed of trust to be executed by the relator and the date and time when the documents were to be executed and delivered. The trial court was authorized to issue this order in aid and clarification of its prior decree and for the purpose of effectuating the terms of the decree. *Schwartz v. Jefferson*, 520 S.W.2d 881 (Tex.1975); *Bush v. Bush*, 265 S.W.2d 676 (Tex.Civ.App.—El Paso 1954, no writ). The order is not void.

The order of commitment recites that after hearing the testimony and the evidence the court found that the relator had wilfully disobeyed its order by failing to execute and deliver to the respondent, or his attorney, on or before the specified date, a note and a deed of trust in the form of those attached to its prior order, and it ordered the relator confined in the Harris County Jail from day to day until the note and deed of trust had been executed and delivered to the court. The contempt motion sufficiently details the relator's alleged acts of disobedience and the commitment order sufficiently indicates the manner in which the relator may purge herself of the contempt.

The relator is remanded to the Sheriff of Harris County, Texas for confinement in accordance with the trial court's order of commitment.

## Supplemental Opinion

The trial court has certified to this court that relator has purged herself of contempt by the execution and delivery of the documents specified in the trial court's order. This court's former opinion and judgment dated February 1, 1979; are, therefore, vacated and relator is ordered discharged from custody.