Nelson Joseph GASPARD, Jr., et
al., Appellants,

v.

Donna Marie GASPARD, Appellee.

No. 8264.

Court of Civil Appeals of Texas,
Beaumont.

May 31, 1979.

C. C. Young, Paul Buchanan, Nederland,
for appellants.

Stan Pfeiffer, Houston, for appellee.

CLAYTON, Justice.

This is a suit involving the managing conservatorship of a minor child. Appellant, Nelson Joseph Gaspard, Jr., filed suit for divorce from Donna Marie Gaspard and for his appointment as managing conservator of his minor child. Appellee, Donna Marie Gaspard, filed her cross-action seeking a divorce and managing conservatorship. Thereafter, Mr. and Mrs. Nelson Joseph Gaspard, Sr., paternal grandparents of the child, intervened in such suit seeking managing conservatorship of such child.

All material issues were either determined by stipulations or were submitted to the court by agreement, except the issue concerning the appointment of a managing conservator. The case was tried before a jury, the sole issue submitted being, in effect, whether the grandparents or the mother should be appointed managing conservator of the minor child. The jury found that the mother should be so appointed. The court entered judgment granting Donna Marie Gaspard a divorce and appointing her as managing conservator of her minor child. From this judgment, petitioner, Nelson Joseph Gaspard, Jr., and the grandparents, intervenors, have perfected this appeal.

Appellants' first point of error is that "[t]he 58th Judicial District Court was without jurisdiction in this case because jurisdiction was never acquired pursuant to Sections 11.05 and 11.06 of the Texas Family Code." This case was originally filed in the Court of Domestic Relations for Jefferson County, but such court is now the 317th District Court of Jefferson County, pursuant to the provisions of *Tex.Rev.Civ.Stat. Ann. art. 1926a, § 2.18* (Vernon Supp.1978). This case remained on the docket of the 317th District Court.

Appellants present a two-pronged argument in attacking the jurisdiction of the 58th District Court. They argue that the case was tried in the 58th District Court and that "[n]owhere in the record is there reflected any transfer to the 58th Judicial District Court pursuant to Section 11.06 of the Tex.Family Code." Appellants urge

that such a transfer is mandatory pursuant to *Section 11.05*, Texas Family Code, wherein it is stated:

". . . when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all matters provided for under this subtitle in connection with the child, and no other court has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in Section 11.06 of this code."

The above-quoted *Section ˙11.05*, Texas Family Code, has no application to the case at bar. In this case there has been only one case filed, and such case was pending in the 317th District Court of Jefferson County, and no final judgment had been entered by such court. The case was actually tried by the Judge of the 58th District Court of Jefferson County, either as the 58th District Court or as "Presiding Judge" of the 317th District Court, as hereinafter discussed.

█ The Texas Family Code provides a scheme to maintain in one court the continuing jurisdiction of litigation which affects an individual child. Once a court acquires jurisdiction of a particular child and enters a final judgment, that court has continuing, exclusive jurisdiction over subsequent suits affecting that child. See *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974); *Boriack v. Boriack*, 541 S.W.2d 237 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd).

█ Proper venue of this case in Jefferson County has not been questioned. The transfer provisions of *Sections 11.06(a)* and *11.06(b)*, Texas Family Code, do not apply when venue is proper in the court in which the divorce and the parent-child relationship suit is pending. *Brown v. Brown*, 566 S.W.2d 378 (Tex.Civ.App.—Corpus Christi 1978, no writ).

█ The other argument made by appellants is that the Judge of the 58th District Court wrongfully exercised his jurisdiction over this case because he tried the case as the 58th District Court and not as the "pre-

siding judge of the 317th Judicial District Court." This argument has no merit. After his case was brought before the Judge of the 58th District Court, the judge signed several orders as "Presiding Judge" of the 317th District Court and entered the final judgment as such "Presiding Judge." However, it is immaterial as to whether the judge tried the case as the Judge of the 58th District Court or as "Presiding Judge" of the 317th District Court. The trial judge could act in either capacity. *Tex.Const. art. V, § 11; Tex.Rev.Civ.Stat.Ann. arts. 1916, 2092(21)* (Vernon Supp.1978). See *Ex parte Lowery*, 518 S.W.2d 897 (Tex.Civ.App.—Beaumont 1975, no writ); *Outlaw v. Noland*, 506 S.W.2d 734 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Baldwin v. Leonard*, 110 S.W.2d 1160 (Tex.Civ.App.—Eastland 1937, writ dism'd); *Tex.R.Civ.P. 330(e)*.

■■ There is yet another reason why this argument and point of error should be overruled. Judge Jack Brookshire, Judge of the 58th District Court, states into the record—very emphatically, "The plain facts are—and I want the appelant [sic] court to know this—the plain facts are that the petitioner and the intervenors and grandparents' lawyers asked that this case be specially set and tried on this time on the docket in the 58th District Court when it was pending over the 317th; and the Court postponed a few of its own cases, although they were on the non-jury docket, to accommodate this situation. . . ." This statement by the court is not challenged or disputed. Under these circumstances, the very clear and appropriate rule should be applied in this case as stated in *Moore v. Moore*, 430 S.W.2d 247, 250 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.), and *Spence v. State National Bank*, 5 S.W.2d 754 (Tex. Comm'n App.1928, jdgmt. adopted). In the *Spence* case the rule is clearly stated as follows:

"To permit one to invoke the exercise of a jurisdiction within the general powers of a court and then to reverse its orders upon the grounds that it had no jurisdiction would be to allow one to trifle with the courts. The principle is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant."

■ Appellants next complain of error by the trial court in granting appellee's motion in limine. The motion in limine before the trial court was worded in such a manner that it did not completely exclude testimony. As worded, the motion, and the court's order in granting same, only required that no mention be made of the matters contained in the motion until such time as counsel approached the bench and obtained a ruling from the court on such matters. We hoerrule this point. Appellants have not shown by bill of exception or by any other manner what evidence it would have offered had the motion in limine not been granted. Error is not preserved by the mere showing of the granting or denying of such a motion in limine. *Hartford Accident & Indemnity Co. v. McCardell*, 369 S.W.2d 331 (Tex.1963); *Gulf States Abrasive Manufacturing, Inc. v. Oertel*, 489 S.W.2d 184 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd); *State v. Wheeler*, 390 S.W.2d 339 (Tex.Civ.App.—Beaumont 1965, writ ref'd n. r. e.). For an objection on appeal to be proper, the questions and answers thereto must be asked. The appellants did not offer or attempt to offer any such evidence at the trial. Accordingly, they cannot now complain of any error. *Hartford Accident & Indemnity Co. v. McCardell*, supra; *Lopez v. Allee*, 493 S.W.2d 330 (Tex.Civ.App.—San Antonio 1973, writ ref'd n. r. e.).

There being no error, the judgment of the trial court is affirmed.

AFFIRMED.