George S. Henry, Dallas, for relator.

Wallace Craig, Fort Worth, for movant below.

**Ex parte Horace Raymond AUSTIN.**

**No. 18323.**

Court of Civil Appeals of Texas, Fort Worth.

March 6, 1980.

## OPINION

PER CURIAM.

This is an original habeas corpus proceeding brought in this court pursuant to the authority of Tex.Rev.Civ.Stat.Ann. art. 1824a "(Courts of Civil Appeals)—May issue writs of habeas corpus". Petitioner, Horace Raymond Austin, seeks release from the custody of the Sheriff of Tarrant County, Texas, assumed pursuant to direction of order of the District Court of Tarrant County in a divorce case. We ordered the said relator released on bond pending the determination of propriety of punishment.

About March 13, 1979 judgment was pronounced, granting Annie Mae Austin a divorce from the petitioner and prescribing the property division made pursuant to the divorce. A part of such property was a savings account at General Dynamics where the husband apparently had been employed. This was awarded to the wife as her sole and separate property, with the husband divested of all right, title, and interest therein. By the award it was described as "All money in the General Dynamics savings account which amount at the time of the final hearing was $5,820.00."

Motion to hold Austin in contempt was heard by the trial court on January 23rd, 1980. Therein it was represented by Annie Mae Austin that the motion for contempt

was based upon the provision of the divorce decree which invested her with the title and right to possession of the General Dynamics savings account. The motion presented these facts: that subsequent to date of the divorce it had been agreed by the wife with her former husband, the petitioner in this court, that he should (for her) withdraw the funds in the savings account, and that he might do exactly as he did, to-wit: after having deposited the check representing delivery of the General Dynamics savings account in his own account, to write his own personal check on said account in like amount, and deliver the same to his former wife or her attorney. Trouble ensued because the check, when deposited for collection by Mrs. Austin, was returned by petitioner's bank marked "insufficient funds".

Predicated upon the foregoing Mrs. Austin alleged in her motion that petitioner, Horace Raymond Austin, knew or should have known that he was delinquent in paying sum or sums owed to his own bank so that the bank would take sufficient funds from his account (upon the deposit of the check representing proceeds from the General Dynamics savings account) so that there would not be enough balance from which his bank would honor and pay the petitioner's check.

We think it important to remember that by force of the judgment of divorce the money in the General Dynamics savings account belonged to Mrs. Austin and to no one else. Petitioner, her former husband, could have no right to reduce the same to possession save as agent and trustee for Mrs. Austin. By consent she must be deemed to have made him her agent and trustee; and he did act in accordance with the authority so conferred in dealing with property not his own. In so doing there could not have been any failure or refusal by him to obey the divorce court or its decree granting divorce and partitioning the parties' property.

In view of what occurred there is undoubted right arisen for civil action, perhaps even for criminal action, but even on that assumption there could not have been any right arisen for imposition on any theory there had been any contemptuous failure or refusal to perform and discharge any duty prescribed by the divorce decree.

We are cited to the following part of the divorce decree, to-wit:

"IT IS DECREED that Petitioner and Respondent shall execute all instruments necessary to effect this decree and that Petitioner and Respondent have all appropriate and necessary writs, execution, and process, as many and as often as is necessary to accomplish the execution and final disposition of this judgment."

Even had this language been made a predicate for the complaint that Horace Raymond Austin was in contempt (and it was not) it did not reach to subject of complaint, which (by reference) was the failure by petitioner, Austin, to make restitution to the former wife for depriving her of right of possession and use of her own property. After the savings account proceeds had been made her separate property by judgment decree Annie Mae Austin admitted that she had consented that her former husband might reduce the same to his own possession, exactly as he did.

The hearing in this court was on a record which did not include a statement of facts relative to the evidence presented to the trial court on the show cause hearing. The result is that, save for holding the former wife bound to the representations of her motion, we perhaps should deem the evidence to have shown that the husband's actions were deliberate. In other words we might suppose that in making deposit of the savings account funds into his own account, there was intent that his own bank seize enough of his account so that there would not be sufficient funds with which to made restitution to his wife. Perhaps, even, we should deem the evidence to have shown that the husband was possessed of means with which to make full restitution to his former wife and that there was refusal on his part so to do. By such assumptions it might be that on moral grounds Horace Raymond Austin ought to have been jailed. Even so, however, no premise existed by the

divorce judgment decree by which this legally could have been accomplished by contempt proceedings.

This was because no part of the decree contained any order that Horace Raymond Austin do any particular act or thing which he could be said to have refused to obey; and no part thereof contains an order that he refrain from doing any particular act or thing which he has done. *Ex Parte Padron*, 565 S.W.2d 921 (Tex.1978); *Ex Parte Slavin*, 412 S.W.2d 43 (Tex.1967); *Ex Parte Duncan*, 42 Tex.Cr.R. 661, 670, 671, 62 S.W. 758, 760 (1901). Viewed as disobedience of command which might be inferred by conclusion there was impropriety for this reason as well because such an inference is not permissible for purposes of punishment for contempt. *Ex Parte Trick*, 576 S.W.2d 437, 439 (Tex.Civ.App.—San Antonio, 1978, no writ).

Relator is ordered discharged.