**Gloria Mae BANKSTON, Appellant,**

v.

**Joseph E. TAFT, Appellee.**

**No. 8577.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 11, 1980.

Rehearing Denied Jan. 29, 1981.

CLAYTON, Justice.

This is an appeal from a judgment denying appellant any interest in and to retirement benefits that had not been divided at the time of the original divorce proceeding.

The parties were married on November 10, 1952, and divorced on November 30, 1970. The divorce decree made no mention of the benefits of a retirement plan then in effect. Appellant's wife now seeks to obtain a partition of the retirement benefits received by appellee and to be received by him in the future. In a non-jury trial, judgment was entered denying appellant any interest in such retirement benefits.

It is well established law that retirement benefits which accrue during the marriage of the parties are the community property of such parties. It is equally well settled that where a divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners thereof. *Yeo v. Yeo*, 581 S.W.2d 734, 736 (Tex.Civ.App.— San Antonio 1979, writ ref'd n. r. e.); *Mooney v. Glasspool*, 602 S.W.2d 364 (Tex.Civ. App.—Beaumont 1980, writ ref'd n. r. e.). See also, *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970); *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976).

Appellant and appellee were married for a period of 6,590 days during which time appellee was continuously employed by Du-Pont. He was employed at DuPont from December 16, 1948, until May 31, 1977, for a total of 8,961 days. He has been receiving $553.22 each month, in retirement benefits, since the date of his retirement.

The trial court erroneously held that the wife's suit is barred by the doctrine of laches or stale demand. There is no evidence in the record to show any repudiation by appellee of the wife's interest in the retirement funds. *Mooney v. Glasspool*, supra; *Yeo v. Yeo*, supra.

It is "true that a trial court may adjust the equities involved in a partition of property suit. *Goodloe & Meridith v. Harris*, 127 Tex. 583, 94 S.W.2d 1141 (Tex.Sup. 1936). But the equities and claims involved must relate to the common property to be

Malcolm E. Dorman, Orange, for appellant.

Houston Thompson, Silsbee, for appellee.

partitioned. *Smith v. Cooper*, 541 S.W.2d 274 (Tex.Civ.App.—Texarkana 1976, no writ). The '. . . equities of the respective parties arising out of the marital relationship are not relevant . . .' in the partition suit. Id. at 277. Thus, the financial situation of the parties and other factors not relating to the property cannot be considered in the partition suit." *Disbrow v. Thibodeaux*, 596 S.W.2d 174, 176 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ).

■ Appellee states in his brief it is his "main contention on appeal that the retirement plan in effect at the time of the divorce decree is not the same retirement plan that was in effect at the time of his retirement." Therefore, appellant has failed to prove she is entitled to any community interest in the funds or at least her interest should be based upon the retirement benefits appellee would have received had he retired at the time of the divorce. We reject this argument. Appellant's community interest in and to such benefits should be based upon the amount of the retirement benefits actually received subsequent to the date of appellee's retirement. See *Dessommes v. Dessommes*, 543 S.W.2d 165, 170 (Tex.Civ.App.—Texarkana 1976, writ ref'd n. r. e.); *Disbrow v. Thibodeaux*, supra.

■ As a matter of law, under the undisputed facts of this case, appellant is entitled to a judgment for her interest in the retirement benefits received by appellant subsequent to the date of his retirement. In determining appellant's interest, we follow the formula used in *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977), and as stated and followed in *Disbrow v. Thibodeaux*, supra 596 S.W.2d at 175. Based upon this formula, appellant is entitled to receive one-half of the amount produced by dividing the number of days that appellee was employed while married to appellant by the total number of days appellee was employed. By applying this formula, appellant would be entitled to receive one-half of 74 percent of the retirement benefits received by appellee.

The record before us is not clear as to the exact amount received in retirement benefits by appellee. We, therefore, reverse the judgment of the trial court and remand the cause with instructions to conduct a hearing to determine the total amount of the benefits received by appellee subsequent to the divorce and to the date of the hearing. Upon ascertaining the amount, the trial court will enter judgment in favor of appellant against appellee for 37 percent of such sum.

■ The trial court shall also include in such judgment an award of 37 percent of each retirement payment to be received by appellee after the entry of such judgment. The trial court may properly utilize the trustee arrangement in order to assure compliance with the decree. *Mooney v. Glasspool*, supra. See *Ex parte Sutherland*, 526 S.W.2d 536, 539 (Tex.1975); *Clendenin v. Krock*, 527 S.W.2d 471, 474 (Tex.Civ.App.— San Antonio 1975, no writ). The protective provisions of *Tex.Rev.Civ.Stat.Ann. art. 5221d* (1971) would also assure compliance with the decree. *Thibodeaux v. Thibodeaux*, 546 S.W.2d 662, 665 (Tex.Civ.App.— Beaumont 1977, no writ).

The judgment is reversed, and the cause is remanded with instructions to enter judgment for appellant against appellee in strict accordance with the instructions contained herein. All costs in all courts are adjudged against appellee.

REVERSED and REMANDED with instructions.