**Benny W. McGEHEE, Appellant,**

v.

**Mary McGehee EPLEY, Appellee.**

**No. 16800.**

Court of Appeals of Texas, San Antonio.

May 31, 1983.

B.F. Pennypacker, III, San Antonio, for appellant.

Hattie Briscoe, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from an order partitioning a former wife's civil service retirement benefits and clarifying an award of the former husband's military retirement benefits in a prior divorce decree. Appellant, the former husband, instituted this lawsuit seeking partition of the civil service retirement benefits earned by his former wife during their marriage, which had not been divided at the time the parties were divorced in 1973. Appellee, the former wife, filed a cross-action asking the Court to clarify that portion of the prior divorce decree, which awarded her "one-half (½) of all retirement benefits due and owing respondent, Benny McGehee, for his services in the United States Air Force."

Appellant appeals from the "Order Partitioning Civil Service Retirement of Respondent and Order of Clarification of Decree Dividing Military Retirement Benefits of Petitioner" and presents us with four points of error. Findings of fact and conclusions of law were requested and filed.

Appellant's first point of error alleges the 73rd District Court of Bexar County did not have jurisdiction to clarify an order of another district court, namely the 131st District Court. Appellant claims that since the divorce decree was granted by the 131st District Court, only it could clarify said judgment.[1]

■ Suffice to say, the Constitution and statutes of this State have made provision for District Judges to hold court for each other. The combined result of Tex. Const.

art. V, § 11; Tex.Rev.Civ.Stat.Ann. art. 199 subd. 37, art. 199a, art. 1916, art. 2092(21) and (24) (Vernon Supp.1982–1983); Tex.R. Civ.P. 330(e), (f) and (g) (Vernon 1977), is that any district judge in Bexar County may hear and determine any case or proceeding or any part thereof pending in any other of the district courts of Bexar County. *Gaspard v. Gaspard,* 582 S.W.2d 629, 631 (Tex.Civ.App.—Beaumont 1979, no writ); *Balderas v. State,* 497 S.W.2d 298, 299 (Tex. Crim.App.1973); *Collins v. Miller,* 443 S.W.2d 298, 300 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.). The authorities cited and any enlightened view of judicial administration require that appellant's first point of error be overruled.

In his second and third points of error appellant contends that the trial court erred in clarifying the judgment because it had been more than 30 days since the decree of divorce became final, and the order entered by the trial court in fact substantially altered the terms of the previous divorce decree. The terms of the divorce decree, dated September 5, 1973, with respect to the disposition of military retirement benefits, are as follows:

ORDERED that Petitioner, Mary McGehee, shall receive as her separate property one-half (½) of all retirement benefits due and owing Respondent, Benny McGehee, for his service in the United States Air Force.

The "Order of Clarification ...," dated January 14, 1981, reads in pertinent part:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Benny McGehee pay each month unto Mary McGehee Epley one-half (½) of his gross retirement check, such payment to begin as of January 9, 1981 and such payments to continue thereafter on the 9th day of each and every month so long as such retirement payments are payable to Benny McGehee and during the life of Mary

---

1. In his reply brief, appellant further argues that under *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), appellee is precluded from claiming any interest in his military retirement benefits on the basis of federal preemption. Any discussion of this issue is foreclosed by the recent decision of *Segrest v. Segrest,* 649 S.W.2d 610, 612 (Tex.1983), in which the Texas Supreme Court held that *McCarty* does not operate retroactively.

McGehee Epley; that all payments be mailed to Mary McGehee at 130 Oak Lane, Universal City, Texas 78148. . . .

■ Under Tex.R.Civ.P. 329b(e), once a judgment of the trial court becomes final (in this case 30 days after the motion for new trial was overruled) the trial court loses authority to vacate or modify that judgment, except as provided for by law. However, a court may construe and clarify a decree disposing of property or enforce it even though the power to modify is lacking. *See Bush v. Bush,* 265 S.W.2d 676, 680 (Tex. Civ.App.—El Paso 1954, writ dism'd).

■ Though a court is without authority to change provisions in a final judgment relating to property adjudication, it does have authority to make orders necessary to carry the judgment into full effect. The subsequent order must be consistent with the provisions and finality of the judgment. Here the clarification order amounted to nothing more than enforcement of the decree previously entered. The order was consistent with the prior judgment and merely prescribed the method of execution. *Cf. Schwartz v. Jefferson,* 520 S.W.2d 881, 888 (Tex.1975); *Hargrove v. Insurance Investment Corp.,* 142 Tex. 111, 176 S.W.2d 744, 747 (Tex.1944). Points of error two and three are overruled.

By his fourth point of error, appellant argues that the district court erred in failing to determine that he had a fractional interest in the non-contributory portion of the United States Civil Service Retirement benefits earned by appellee during the marriage of the parties. Appellant and appellee were married on May 19, 1946, and divorced on July 12, 1973. On October 6, 1980, appellant filed this suit seeking a partition of the civil service retirement benefits earned by appellee during their marriage, which had not been divided at the time of the divorce.

Appellee argues that since she was not eligible for any sort of retirement at the time the parties were divorced, appellant's only interest in her civil service retirement benefits was ½ of what she had contributed to the system up to the date of divorce, i.e., $1,632.70.

The court made the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. That Mary McGehee Epley had deducted from her pay for civil service retirement from September 20, 1965 through September 6, 1973 a total of $3,265.40 during her marriage to Benny McGehee.

2. That Benny McGehee is entitled to ½ of the funds deducted from Mary McGehee Epley's pay as his share of the community funds paid into her civil service retirement fund, that is $1,632.70, payable if and when defendant/cross-plaintiff, Mary McGehee Epley, retires from civil service or if and when she draws down her retirement if she does not retire from civil service.

3. That Mary McGehee Epley is still employed by the U.S. Civil Service at Randolph Air Force Base.

4. That the amount to be divided in a divorce where civil service retirement is concerned is calculated by awarding each spouse one-half of monies contributed to the retirement fund during the marriage.

\* \* \* \* \* \*

## CONCLUSIONS OF LAW

1. That Benny W. McGehee ... was entitled to one-half of the funds that Mary McGehee Epley had paid into her civil service retirement during the time of her marriage to plaintiff/cross-defendant.

\* \* \* \* \* \*

■ Thereafter, the court entered an "Order Partitioning Civil Service Retirement of Respondent ...," which reads in pertinent part:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that defendant/cross-petitioner Mary McGehee Epley pay to petitioner/cross-defendant, Benny

McGehee, $1,632.70 as his share of her civil service retirement as of the date of their divorce, if and when she retires, or if and when she draws down her retirement, if she does not retire from civil service.

It is well settled that where a divorce decree, such as in the case before us, fails to provide for a division of community property, the husband and wife become tenants in common. *Yeo v. Yeo,* 581 S.W.2d 734, 736 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); *Busby v. Busby,* 457 S.W.2d 551, 554 (Tex.1970). In such a situation, either party may subsequently, in an independent suit, demand partition of the property which has not been previously divided. *Busby,* 457 S.W.2d at 555; 20 Tex.Jur.2d, *Divorce and Separation* § 266 (1960).

■ It is equally well settled in Texas that a spouse has a community property interest in that portion of the retirement benefits of the opposite spouse earned during their marriage, *See Bankston v. Taft,* 612 S.W.2d 216, 217 (Tex.Civ.App.—Beaumont 1980, writ dism'd); *Valdez v. Ramirez,* 574 S.W.2d 748, 749 (Tex.1978), even though the benefits at the time of divorce have not matured and are not at the time subject to possession. *See Cearley v. Cearley,* 544 S.W.2d 661, 666 (Tex.1976). In the case before us, the court found appellee was employed from September 20, 1965 to September 6, 1973,[2] during her marriage to appellant. Consequently, appellant has a community property interest in the retirement benefits earned by appellee as a result of her employment during the period of time that the parties were married. Appellant will receive his share of payments when appellee is eligible to receive her payments since the trial court found appellee is still employed. *See Miser v. Miser,* 475 S.W.2d 597, 601 (Tex.Civ.App.—Dallas 1971, writ dism'd).

■ The trial court's order partitioning appellee's civil service retirement benefits should be reversed because the trial court incorrectly calculated appellant's interest. In determining his interest, we must follow the formula set out in *Taggart v. Taggart,* 552 S.W.2d 422, 424 (Tex.1977) for the apportionment of retirement benefits, and as stated in *Bankston, supra* at 218 and *Disbrow v. Thibodeaux,* 596 S.W.2d 174, 175 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). As a matter of law, appellant is entitled to a fractional interest in the retirement benefits that appellee will receive when she retires. Under the *Taggart* formula appellant is entitled to receive, out of each of appellee's retirement payments, one-half of the amount produced by dividing the number of months that appellee was employed while married to appellant by the total number of months that appellee will have accumulated at the time of retirement.

We sustain appellant's point of error number four and reverse the trial court's order partitioning the civil service retirement benefits of appellee and render judgment for appellant in accordance with the instructions contained herein.

Accordingly, the judgment of the trial court is affirmed with respect to the clarification order of the previous divorce decree dividing military retirement benefits of appellant and reversed and rendered with respect to the order partitioning the civil service retirement benefits of the appellee.

ESQUIVEL, Justice, dissenting.

I have no quarrel with the majority's disposition of appellant's fourth point of error. I must respectfully dissent with their holding of appellant's points of error numbers two and three. It is when the majority declares that "the clarification order amounted to nothing more than en-

---

**2.** We note that the divorce decree states that the trial court rendered judgment dissolving the marriage of the parties on July 12, 1973, but the decree was not signed until September 5, 1973. The trial judge has incorrectly included that period of time after the parties were di-

vorced to the date the decree was signed in determining appellant's interest. Tex.R.Civ.P. 306a (Vernon Supp.1982–1983); *See Galbraith v. Galbraith,* 619 S.W.2d 238, 240 (Tex.Civ.App. —Texarkana 1981, no writ).

forcement of the decree previously entered" that I must disagree with them.

Clearly, under the terms of the divorce decree, appellant was not ordered to pay appellee. The decree also contained no direction to effect a division of appellant's retirement benefits, where to pay, when to pay and in what manner. Under the terms of the "Order of Clarification," the court, by ordering the appellant to pay, when to pay and in which manner to pay, has unequivocally placed upon him an affirmative obligation not previously imposed. *Cf. Ex parte Trick,* 576 S.W.2d 437, 439 (Tex.Civ. App.—San Antonio 1978, no writ). *See Ex parte Wagley,* 530 S.W.2d 609, 611 (Tex.Civ. App.—Houston [14th Dist.] 1975, no writ); *see Ex parte Filemyr,* 509 S.W.2d 731, 733 (Tex.Civ.App.—Austin 1974, no writ). In my opinion the "Order of Clarification" is not merely curative of uncertainty in the divorce decree, but rather substantially changed the terms of the earlier judgment. *Cf. Ex parte McKinley,* 578 S.W.2d 437, 438 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *cf. Schwartz v. Jefferson,* 520 S.W.2d 881, 888 (Tex.1975); *Hargrove v. Insurance Investment Corp.,* 142 Tex. 111, 176 S.W.2d 744, 747 (1944). By virtue of the provision of Tex.R.Civ.P. 329b(e) and the rule as correctly stated by the majority that "... a court is without authority to change provisions in a trial judgment relating to property adjudication ...," I would sustain appellant's point of error number three. My disposition of this particular point would be dispositive of appellant's point of error number two.

Accordingly, I would reverse and render the portion of the judgment concerning the clarification order.