**Hilda Anne DUNN, Appellant,**

v.

**Melvin Everett DUNN, Appellee.**

No. 05–84–00704–CV.

Court of Appeals of Texas, Dallas.

March 7, 1986.

Rehearing Denied April 25, 1986.

Leota H. Alexander, Dallas, for appellant.

Douglas A. Barnes, Dallas, for appellee.

Before AKIN, GUILLOT and HOWELL, JJ.

HOWELL, Justice.

This is an appeal from a dismissal of a motion in aid and clarification and suit for partition filed by Hilda Dunn against her ex-husband, Melvin Dunn. After a special appearance hearing, the trial court dismissed Hilda's action for lack of personal jurisdiction over Melvin.

Hilda Dunn's six points of error involve the two issues of whether the court lacked personal jurisdiction over Melvin Dunn (1) to impose a partition of military retirement benefits and (2) to clarify its prior judgment. Although we agree that a court has jurisdiction to clarify its prior judgment, for the reasons stated herein, we affirm the judgment of the trial court.

Seeking, alternatively, clarification of the parties' original divorce decree or, if not divided by such decree, a partition of Melvin's military retirement benefits, Hilda filed her motion for clarification and partition in Cause No. 79–13125. She alleges the relief sought is ancillary to the decree of divorce entered under that cause number. At the hearing on Melvin's "Special Appearance to Present Motion to the Jurisdiction," he testified that two months after the divorce decree was entered, he had moved to Colorado and became a resident of that state. After the hearing, the trial court sustained Melvin's special appearance.

We must determine whether the court had jurisdiction either to partition the military retirement benefits or to clarify the original divorce decree.

### Jurisdiction: Partition Action

A partition suit between former spouses with respect to property that was not divided in their divorce action is a new, independent, and different cause of action. *Southern v. Glenn*, 677 S.W.2d 576, 579 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). Jurisdiction over Melvin Dunn, with regard to a partition action, must, therefore, be independently established and may not be grounded upon the court's jurisdiction over him in the previous divorce case. Personal jurisdiction for a partition action, with respect to military retirement benefits, is governed by the Uniformed Services Former Spouse's Protection Act. 10 U.S.C. § 1408 (1983); *Southern*, 677 S.W.2d at 582. Section 1408(c)(4) limits the jurisdiction of state courts. The court must find that (1) the member's residence, other than because of military assignment, is within the state, or (2) the member's domicile is within the state, or (3) the member has consented to the jurisdiction of the court. *Southern*, 677 S.W.2d at 583.

Insofar as this case constitutes an action for partition, it is clear that Melvin had not consented to the jurisdiction of the court. In addition, the court found that Melvin Dunn's residence was in Colorado. When specific findings are filed by the trial court, they will be sustained if there is any evidence to support them. *Ford v. Allen*, 526 S.W.2d 643, 644 (Tex.Civ.App.—Austin 1975, no writ). The evidence presented at the hearing was sufficient to support the court's finding; therefore, the court correctly ruled that it lacked personal jurisdiction with regard to a partition action.[1]

### Jurisdiction: Clarification Action

We next consider whether the trial court erred in sustaining Melvin's special appearance with regard to the plea for clarification. Hilda Dunn sought to have the following provision of the original divorce decree clarified.

IT IS DECREED that the personal property of the parties be and is hereby awarded to the party having possession of such property on the date of this decree. The parties retirement plan has previously been divided between the parties by designation to the plan administrator.

Under Rule of Civil Procedure 329b(e), once a judgment of a trial court becomes final the trial court loses authority to vacate or modify that judgment. However, a court may construe and clarify a decree disposing of property or enforce it even after that time. *Schwartz v. Jefferson*, 520 S.W.2d 881, 888 (Tex.1975); *Cohen v. Cohen*, 663 S.W.2d 617 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *McGehee v. Epley*, 655 S.W.2d 305, 308 (Tex.App.—San Antonio), *rev'd on other grounds per curiam*, 661 S.W.2d 924 (Tex. 1983) (purported "clarification" held to be in fact, a modification); *Bush v. Bush*, 265 S.W.2d 676, 680 (Tex.Civ.App.—El Paso 1954, writ dism'd).

In the instant case, Melvin Dunn availed and subjected himself to the jurisdiction of the State of Texas when he filed the original petition for divorce. Inasmuch as a trial court retains the power to clarify the provisions of its judgments, a motion for the clarification of a divorce decree is a continuation of the original litigation, and the court retains personal jurisdiction to that limited extent.

We next consider whether in actuality this is an action for clarification. Melvin contends that, as a matter of law, there is no way to aid and clarify the original divorce decree without modifying the decree for which the court lacks jurisdiction. We note that the provision of the decree in question is merely a recital which takes cognizance of an alleged agreement be-

---

1. We are not to be construed as holding that the partition suit was properly brought by the filing of a motion in the closed divorce case. In view of our ruling, that question is not reached.

tween the parties. It does not purport to make any division, nor does it incorporate any agreement into the decree, nor does it impose any affirmative obligations on Melvin.

Since Hilda is seeking a "clarification" that would impose a duty on Melvin to pay her the contested benefits, we hold that she is in actuality requesting a modification. The court may not modify the original judgment and that modification cannot be accomplished under the guise of clarification. *McGehee v. Epley,* 661 S.W.2d 924, 925 (Tex.1983).

The judgment of the trial court is affirmed.