**Julia Ruth Wisby DISBROW, Appellant,**

v.

**Cecil Maurice THIBODEAUX, Appellee.**

**No. A2236.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 23, 1980.

Rehearing Denied Feb. 27, 1980.

---

R. E. McDaniel, Winnie, for appellant.

T. W. Youngblood, Jr., Youngblood & Wilson, Galveston, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment partitioning retirement benefits that had not been divided during the original divorce proceeding.

Julia Ruth Wisby Disbrow (appellant) and Cecil Maurice Thibodeaux (appellee) were married on July 19, 1947. They were divorced on February 29, 1972. In 1975 appellant filed a proceeding to obtain a partition of the pension fund benefits that had not been disposed of when the parties were divorced. The trial court in that action denied a partition of the retirement benefits and appellant appealed. The Court of Civil Appeals in *Thibodeaux v. Thibodeaux*, 546 S.W.2d 662 (Tex.Civ.App.-Beaumont 1977, no writ), held that the retirement benefits were not disposed of in the divorce judgment. The court reversed and remanded the case in order that the retirement benefits be divided.

On remand the trial court awarded appellant $111.00 per month as her portion of the retirement benefits "if and when he [appellee] retires."

Appellant contends that the trial court's award of $111.00 per month was erroneous because the trial court used an incorrect method to divide the benefits. If appellee retired at the time of divorce, he would not receive any payments until he reached age 60, whereupon he would receive $222.00 per month. The amount of $111.00 was derived by awarding appellant one-half, as her community interest, of this deferred benefit payment.

We hold this to be an erroneous calculation. This formulation does not award appellant her true fractional interest she is entitled to because of her marriage to appellant. In *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977), the correct formula was set out for the apportionment of retirement benefits. This formula awards the nonretiring spouse, out of each retirement payment, one-half of the amount produced by dividing the number of months that appellee was employed while married to appellant by the total number of months appellee was employed. *Id.* at 424.

The appellee contends that the trial court may consider equitable factors in partitioning the community asset. Under the Texas Family Code, the trial court does possess considerable discretion in dividing property upon divorce and may consider what is just and right. Tex.Fam.Code Ann. § 3.63 (Vernon 1975). However, the trial court's power to adjust the equities does not extend beyond the divorce proceeding and

must be exercised only in the divorce decree. *Pritchard v. Estate of Tuttle*, 534 S.W.2d 946 (Tex.Civ.App.-Amarillo 1976, no writ).

Since the divorce decree failed to divide the retirement benefits, appellant and appellee own the property as tenants in common. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970). It is also true that a trial court may adjust the equities involved in a partition of property suit. *Goodloe & Meredith v. Harris*, 127 Tex. 583, 94 S.W.2d 1141 (Tex.Sup.1936). But the equities and claims involved must relate to the common property to be partitioned. *Smith v. Cooper*, 541 S.W.2d 274 (Tex.Civ.App.-Texarkana 1976, no writ). The " . . . equities of the respective parties arising out of the marital relationship are not relevant . . ." in the partition suit. *Id.* at 277. Thus, the financial situation of the parties and other factors not relating to the property cannot be considered in the partition suit.

Appellant's point of error is sustained and we render judgment that the formula set out above be followed as to the retirement benefits if, as and when received by appellee.

Reversed and rendered.