**Elna Hettie BERRY, Appellant,**

v.

**Giles Coulter BERRY, Appellee.**

**No. 11–81–063–CV.**

Court of Appeals of Texas,
Eastland.

July 22, 1982.

Rehearing Denied Aug. 12, 1982.

Dave Haigler, A. J. Piranio, Dallas, for appellant.

Ernest T. Foree, Dallas, for appellee.

McCLOUD, Chief Justice.

The issue in this partition suit is the proper division of Southwestern Bell Telephone Company retirement benefits which were not divided at the time of divorce.

Giles Coulter Berry and Elna Hettie Berry were married on November 11, 1939.

Giles Berry began working for Southwestern Bell on May 22, 1940. He retired from Southwestern Bell on July 8, 1978. His retirement benefits were based upon all of the years of employment. Giles worked for Southwestern Bell for 38 years. He was married to Elna for 26 of those 38 years. Giles and Elna Berry were divorced on September 13, 1966. At the time of divorce, Giles was not eligible for retirement benefits. No disposition was made in the divorce decree of his retirement benefits. Giles received periodic increases in pay following the divorce. He stated, however, that he believed his pay raises had been less than the inflation rate during the period from the divorce to his retirement.

In this partition suit brought by Elna in June of 1979, the trial court awarded her one-half of the retirement benefits which Giles would have received at the time of divorce had he been eligible for retirement. Giles Berry appeals, urging that Elna's suit was barred by the four-year statute of limitation or alternatively by laches. Elna Berry appeals, contending that she is entitled to one-half of $^{26}/_{38}$ths of the retirement benefits actually received and to be received by Giles. We will reverse and render in favor of Elna Berry.

■ The suit was not barred by the four-year statute of limitation[1] or by the doctrine of laches. The evidence is both legally and factually sufficient to support the trial court's implied finding that Giles Berry did not repudiated Elna's interest in the retirement benefits. *Yeo v. Yeo*, 581 S.W.2d 734 (Tex.Civ.App.—San Antonio 1979, writ ref'd n. r. e.).

■ We will follow the recent case of *Bankston v. Taft*, 612 S.W.2d 216 (Tex.Civ. App.—Beaumont 1981, writ dism'd) which we hold properly disposes of Giles Berry's other contentions. There the court stated:

Appellee states in his brief it is his "main contention on appeal that the

---

1. Tex.Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958) provides:

Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward.

retirement plan in effect at the time of the divorce decree is not the same retirement plan that was in effect at the time of his retirement." Therefore, appellant has failed to prove she is entitled to any community interest in the funds or at least her interest should be based upon the retirement benefits appellee would have received had he retired at the time of the divorce. We reject this argument. Appellant's community interest in and to such benefits should be based upon the amount of the retirement benefits actually received subsequent to the date of appellee's retirement. See *Dessommes v. Dessommes*, 543 S.W.2d 165, 170 (Tex.Civ. App.—Texarkana 1976, writ ref'd n. r. e.); *Disbrow v. Thibodeaux*, supra [596 S.W.2d 174 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ)].

We hold that Elna Berry's interest in and to the retirement benefits should be based upon the amount of retirement benefits actually received subsequent to the retirement of her former husband. She is entitled to one-half of $^{26}$⁄$_{38}$ths of benefits actually received and to be received by Giles. See *Taggart v. Taggart*, 552 S.W.2d 422 (Tex. 1977); *In Re Gongwer*, 554 S.W.2d 49 (Tex. Civ.App.—Amarillo 1977, no writ).

*In Re Marriage of Rister*, 512 S.W.2d 72 (Tex.Civ.App.—Amarillo 1974, no writ) cited by the former husband is distinguishable. The instant case is a partition suit rather than an appeal from a divorce award. The suit was brought by Elna Berry subsequent to the date Giles began receiving retirement benefits. Furthermore, *Rister* was decided before *Taggart*.

The judgment of the trial court is reversed and judgment is rendered that Elna Hettie Berry be awarded 34.21% (½ × $^{26}$⁄$_{38}$) of $19,591.34, the total received by Giles Berry from Southwestern Bell through April 1980, and 34.21% of all retirement benefits received by him after that date. It is further ordered that Giles Berry shall hold the property interest of Elna Berry in trust for Elna Berry and Giles Berry is ordered to pay to Elna Berry each month her share of the retirement benefits when received by Giles Berry.