**Truman Cooper BURCHFIELD,
Appellant,**

**v.**

**Ollie Lynn FINCH, Appellee.**

No. 06–97–00074–CV.

Court of Appeals of Texas,
Texarkana.

Submitted March 17, 1998.

Decided March 18, 1998.

Burrel Rowe, Livingston, for appellant.

Joe Scott Evans, Evans & Kitchens, Groveton, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

OPINION

GRANT, Justice.

Truman Cooper Burchfield appeals the trial court's judgment rendered in favor of his former wife, Ollie Lynn Finch, for partition and accounting of his retirement funds that accrued after their divorce.

Burchfield's sole contention is that the trial court abused its discretion when it ruled that Finch was entitled to more than one half of his retirement funds as valued on the date of their divorce.

Burchfield worked for Western Electric Company from July 1961 until December

1969, for Southwestern Bell from June 1970 until January 1984, and for AT & T from January 1984 until his early retirement in December 1989. The couple married in June 1963 and divorced in September 1976. At the time of their divorce, there were no Qualified Domestic Relations Order plans in effect in Texas, and therefore, one was not ordered in this case. Instead, Finch was awarded "one half (1/2) of any sums in any retirement and/or savings account ... held by his employer with Western Electric Company or Southwestern Bell Telephone Company." Despite his early retirement at the age of fifty-one, Burchfield did not remit to Finch any retirement money he received.

In April and June of 1995, Finch's attorney sent letters to Burchfield, which he ignored, requesting Finch's portion of the retirement money. On November 20, 1995, Finch filed suit. A nonjury trial was held on May 19, 1997.

At trial, Burchfield testified that he received retirement benefits from Western Electric, Southwestern Bell, and AT & T. As of October 1997, Burchfield had received retirement funds of $155,483.00, as well as having received an additional $1,705.00 each month since October 1996. He also testified that his retirement plan on the date of divorce was valued at $233.12 per month. The trial court disagreed with Burchfield's contention that the proper division should be calculated as of the date of the divorce in 1976, taking the value of his retirement as if it had vested in 1976 and allotting one half of it to Finch, meaning that she was entitled to $116.56 each month. Instead, the trial court agreed with Finch's contention that she was entitled to receive 26.19% of the retirement income Burchfield actually received, based on an employment history of 335.6 months and a marriage lasting 87.9 months.

The trial court applied the following formula:

$$\frac{1}{2} \times \frac{\text{Credited service during marriage}}{\text{Credited service to date of retirement}} \times \$ \text{ actually received} = \text{Non-employee spouse's share}$$

Thus, the following equation resulted:

$$\frac{1}{2} \times \frac{175.8 \text{ months}}{335.6 \text{ months}} \ (= 26.19\%) \ \times \$167,418 = \$43,846.76 \ [1]$$

In complaining of a trial court's ruling concerning the division of community assets, the ruling will only be reversed upon a showing that the trial court abused its discretion.[2] The trial court has broad discretion in determining what is a just and right division.[3]

In Texas, a spouse has a community property interest in that portion of retirement benefits that the other spouse earned during their marriage.[4] This is true even though the benefits at the time of divorce have not matured and are not subject to possession at the time of divorce.[5]

Burchfield contends that the trial court erred in not finding that Finch was entitled only to one half of his retirement benefits *valued at the time of divorce*. Further, he asserts that any post-divorce increases are his separate property not subject to division.

To support his contention, Burchfield relies exclusively on *Berry v. Berry*,[6] and *Dunn v. Dunn*. In *Berry*, a divorced wife sued to collect her share of her ex-husband's retirement benefits. The district court awarded her one half of the benefits that the

---

1. The court multiplied 26.19% by the total amount of benefits received, which equaled $155,483 by October 1996 and $1,705 gross each month ($11,935) for the seven months between October 1996 and May 1997, and found that Burchfield owed $43,846.76, plus 10% prejudgment interest on the $11,935 amount, post-judgment interest, and attorneys' fees. The judgment listed the total amount owed as $58,086.92.

2. *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981).

3. *Id.*

4. *Dunn v. Dunn*, 703 S.W.2d 317, 319 (Tex. App.—San Antonio 1985, writ ref'd n.r.e).

5. *Id.*

6. 647 S.W.2d 945 (Tex.1983)

ex-husband would have received *at the time of divorce* had he been eligible. The court of appeals reversed and held that the wife, who had been married for twenty-six of the thirty-eight years he had worked for the company, was entitled to one half of 26/38ths of the benefits he *actually received.*[7] The Texas Supreme Court reversed, holding that when the value of retirement benefits are in issue, the benefits are to be apportioned based upon the value of the community's interest *at the time of divorce.*[8]

In *Berry v. Berry,* the Texas Supreme Court set forth the proper formula for computing the extent of the community interest in retirement benefits and in figuring the *value* of such benefits. The Court stated that the *Taggart* formula applies in computing the extent of community interest in retirement benefits and is computed as follows:

Community interest = NUMBER OF MONTH (YEARS)

WORKING WHILE MARRIED

---

NUMBER OF MONTH (YEARS)

WORKING TOWARD RETIREMENT

*Taggart v. Taggart,* 552 S.W.2d 422, 424 (Tex.1977).

In *Berry,* the Court specifically upheld the validity of the *Taggart* apportionment formula and then considered the issue of computing *value* of retirement benefits. It held that such value must be based on the community's interest at the time of divorce and *not* according to the value at the time of retirement. To do so would invade the separate estate of the working spouse.[9]

Therefore, the *Berry* court modified *Taggart* and applied the following formula:

$$\frac{1}{2} \times \frac{\text{No. years married under plan}}{\text{No. years employed under plan as of date of divorce}} \times \text{Value as of date of divorce} = \text{Mrs. Berry's share}$$

■ However, *Berry* is factually dissimilar because while evidence showed that Mr. Berry had received twelve to fourteen pay raises and an improved benefit plan after the divorce, there is no such evidence or findings of fact in the present case. The increase in Mr. Berry's retirement benefits after divorce was due in part to the post-divorce increases in pay. The *Berry* court reasoned that to allow Mrs. Berry to share in the post-divorce increases would allow an invasion of Mr. Berry's separate property.[10] Conversely, post-divorce increases in an individual's retirement benefits—not attributable to raises, promotions, services rendered, or contribution—are subject to community property division.[11]

Finch contends that because Burchfield made no request for findings of fact and conclusions of law in his nonjury trial, nor were any filed, this Court is to presume all questions of fact are in support of the judgment and uphold the ruling of the trial court on any legal theory that supports the decision and has a basis in the evidence.[12] Finch invites this Court to look to *Humble* and *Phillips* for that legal theory. However, those cases are also factually dissimilar to the present case. The trial courts in *Humble* and *Phillips* were found to have correctly applied the apportionment formula according to the

---

**7.** *Berry v. Berry,* 636 S.W.2d 865 (Tex.App.-Eastland 1982)(valuing benefits as of date of retirement).

**8.** *Berry,* 647 S.W.2d at 947.

**9.** *Dunn,* 703 S.W.2d at 321 (citing *Berry,* 647 S.W.2d at 947); *see also May v. May,* 716 S.W.2d 705, 710 (Tex.App.-Corpus Christi 1986, no writ)(stating that in cases where divorce occurs prior to employee spouse's retirement, such as where amount of benefits could still be increased by future earnings, valuation necessarily becomes issue in property division, and *Berry* controls). *Dunn* further rejected inflation and cost

of living as factors when computing the current value of retirement benefits. *Dunn,* 703 S.W.2d at 321.

**10.** *See Humble v. Humble,* 805 S.W.2d 558, 561 (Tex.App.-Beaumont 1991, writ denied)(applying rule in *Berry* ); *May,* 716 S.W.2d at 709.

**11.** *Phillips v. Parrish,* 814 S.W.2d 501, 503 (Tex.App.-Houston [1 st Dist.] 1991, writ denied).

**12.** *See Lassiter v. Bliss,* 559 S.W.2d 353, 356–57 (Tex.1977), *rev'd on other grounds,* 763 S.W.2d 768 (Tex.1989).

date of divorce.[13] When the *Phillips* court valued the community property estate at the time of divorce, it also included certain post-divorce increases that were permissibly divisible, such as cost of living increases. *Phillips*, 814 S.W.2d at 505.

■ In the present case, Burchfield has failed to carry his burden of proving that there were any post-divorce increases,[14] such as raises, promotions, services rendered, or contribution, and, if they existed, whether they were divisible increases.[15]

Based on the record and *Berry*, the trial court incorrectly applied the apportionment formula as of the date of retirement, not the date of divorce. However, because Burchfield failed to sustain his burden of proving that the value of his retirement plan changed from the date of divorce to the date he began receiving retirement benefits, we presume that any post-divorce increases are permissibly divisible community property,[16] such as the accumulation of interest on Finch's community property interest on his retirement benefits.[17] Thus, the formula used to determine monetary outcome is the same regard-

less of which date the trial court valued his benefits. This point is overruled.

The judgment of the trial court is affirmed.

---

**13.** *Phillips*, 814 S.W.2d at 504–05; *Humble*, 805 S.W.2d at 561.

**14.** *See Boniface v. Boniface*, 656 S.W.2d 131, 135 (Tex.App.-Austin 1983, no writ)(noting that wife was not required to establish value of her interest in contributions to husband's retirement plan; she was only required to establish vested community interest in his retirement benefits that existed at time of divorce); *Dessommes v. Dessommes*, 505 S.W.2d 673, 678 (Tex.Civ.App.-Dallas 1973, writ ref'd n.r.e.)(imposing burden on former husband to establish value of post-divorce contributions to his retirement plan). The burden of proof does not always fall on the plaintiff. *Dessommes*, 505 S.W.2d at 679. The determination of who carries the burden may rest on broad considerations of fairness, convenience, and policy. *Id.* Proof of the essential facts is more accessible to him than to her. *Id.* at 680. In these cases, defendants should not be heard to say that the plaintiff must lose all her interest in his retirement fund merely because she did not pursue discovery procedures with sufficient diligence to obtain proof of the exact extent of her interest. *Id.*

**15.** At trial, Burchfield's counsel stated the following during closing arguments:

We don't know from the evidence that's given here what went in there after [divorce]. We

don't know if there was interest paid on it, we don't know if there was contributions made. There's evidence that there was no contributions made from my client but that contributions were made solely by the employer. If such is the case, almost universally there's no interest paid on those contributions. I would say that the Court has to determine what it was on that date and make their decision accordingly.

. . . .

... [W]e need to determine what that value is.

I have contacted and been contacted by the manager of the plan, and that evidence can be obtained from the Court on a small delay. I would ask that we determine that before a decision is made.

**16.** *See Lassiter*, 559 S.W.2d at 356–57.

**17.** *See Phillips*, 814 S.W.2d at 505; *Harrell v. Harrell*, 700 S.W.2d 645, 648 (Tex.App.—Corpus Christi 1985, no writ)(distinguishing *Berry* and finding that awarding one half of post-divorce increases to nonemployee spouse does not invade employee spouse's separate property when employee spouse's post-divorce labors do not contribute to post-divorce increases).