# Supreme Court of Texas

No. 20-0552

S.C.,
*Petitioner*,

v.

M.B., Individually and as Next Friend of I.C.,
*Respondent*

On Petition for Review from the
Court of Appeals for the Second District of Texas

**Argued December 1, 2021**

JUSTICE BLAND, joined by Justice Boyd and Justice Busby, dissenting.

Family Code Section 9.203(a) provides in plain terms that "the court" that rendered the parties' divorce decree must resolve a claim asserting a post-divorce undivided community interest.[1] Affixing jurisdiction in one court comes at the exclusion of others. In Section 9.203(a), the Legislature accorded appropriate finality to divorce

---

[1] Tex. Fam. Code § 9.203(a).

decrees—the operative judgments that dissolve the marital estate. Such judgments are final, absent limited statutory exceptions. In affixing jurisdiction for adjudicating these exceptions, the Legislature sought to avoid the scattered and piecemeal post-divorce litigation of Texas marital-property rights the Court today creates.

Almost a century ago, our Court observed: "The courts are without authority to extend a statute vesting jurisdiction in a particular district court to all district courts of the state. To do so would be a clear invasion of the legislative prerogative."[2] Because the Court discards the Legislature's prerogative to confine collateral attacks against Texas final divorce decrees to the divorcing court in cases such as this one, I respectfully dissent.

# I

The parties entered into an agreement incident to divorce and sought to dissolve their marital estate. To be effective, a district court must approve agreements incident to divorce, and it must conclude that the terms of such an agreement are "just and right."[3] The parties obtained approval of their agreement in the 324th District Court of Tarrant County, Texas, which also granted their divorce. In obtaining that approval, the parties "each acknowledge[d] that . . . they . . . fully

---

[2] *Alpha Petroleum Co. v. Terrell*, 59 S.W.2d 364, 368 (Tex. [Comm'n Op.] 1933), *abrogated on other grounds by Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000); *see also Valdez v. Hollenbeck*, 465 S.W.3d 217, 223 n.8 (Tex. 2015) ("District courts have general jurisdiction over all civil actions, proceedings, and remedies except when exclusive jurisdiction is vested in another tribunal.").

[3] Tex. Fam. Code § 7.006(b).

2

underst[oo]d that the contents of [the] Final Decree of Divorce constitute a full and complete resolution of this case." They further acknowledged the agreement "to be a just and right division of the marital debt and assets . . . ."

Despite this finality language and the parties' agreement, M.B. alleges that S.C. had acquired partnership interests that were not divided in the divorce. Though M.B. and her counsel knew about these interests before the divorce, she did not seek to amend the inventory, nor did she object to the district court's approval of their agreement incident to divorce, as the Family Code permits.[4] M.B. now alleges that the agreement does not address these interests, and thus they constitute undivided marital property.

M.B. filed this suit in a different Tarrant County district court— the 67th District—three years after the 324th District Court signed the final decree. Her claimed interest is her community interest in the parties' former marital estate. That is, she asserts that her interest arises from the marital estate.

S.C. filed a jurisdictional plea, observing that Family Code Section 9.203(a) requires the divorcing court to adjudicate any claim seeking a division of allegedly undivided marital property when it is a Texas district court that properly had exercised jurisdiction over the parties' divorce. The trial court granted the plea. M.B. moved for leave to file a permissive appeal, and the trial court granted the unopposed motion.

---

[4] Tex. Fam. Code § 7.006(a).

3

Despite the explicit exclusion of family law cases from the statute that governs permissive appeals,[5] the court of appeals nevertheless accepted the appeal and then reversed, holding that the divorcing court's jurisdiction to divide marital property in these circumstances is concurrent with that of any other district court.[6] Chief Justice Sudderth dissented, observing that Section 9.203(a) requires the court that rendered the original divorce decree to adjudicate this claim.[7]

## II

### A

The Family Code is a comprehensive framework governing marriage, marital property, and the parent–child relationship.[8] At the outset, the Code states a "General Rule of Property Division," specific to

---

[5] *See* Tex. Civ. Prac. & Rem. Code § 51.014(d-1) (stating that the permissive appeals statute "does not apply to an action brought under the Family Code"). The Court dismisses this jurisdictional impediment with the gloss that this case is a Property Code, not a Family Code, case. This overlooks the substance of the claim presented, which undisputedly seeks to divide marital assets according to each spouse's community share. We must look to the substance of the facts alleged, not artful pleading, to determine whether this case falls within the statutory exclusion. *See Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 838 (Tex. 2022) (holding that plaintiff's assertion that the pleaded claims were not health care claims lacked merit because "the Act's application depends not on the labels contained within the pleading but on the facts revealing the claim's underlying nature, as found within the entire record"); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it.").

[6] 634 S.W.3d 102, 105–07 (Tex. App.—Fort Worth, 2020).

[7] *Id.* at 107–08 (Sudderth, C.J., dissenting).

[8] *See Williams v. Patton,* 821 S.W.2d 141, 145 (Tex. 1991) (noting the Legislature's deliberate adoption of the Family Code's "comprehensive provisions").

marital property. The rule provides that a court "shall order a division" of the marital estate in a just and right manner:

> In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.[9]

Post-divorce, any undivided community property that remains is "governed by [Chapter 9,] Subchapter C," entitled "Post-Decree Division of Property."[10]

Section 9.203(a) governs the post-divorce division claim in this case. Section 9.203(a) mandates that "the court" that "failed to dispose of property subject to division in a final decree" in the original divorce action "shall divide the property" in any subsequent action:

> **Division of Undivided Assets When Prior Court Had Jurisdiction.** (a) If a court of this state *failed to dispose of property subject to division in a final decree of divorce* or annulment even though the court had jurisdiction over the spouses or over the property, *the court shall divide* the property in a manner that *the court* deems just and right, having due regard for the rights of each party and any children of the marriage.[11]

"[T]he court shall divide" is mandatory both in directing the action to take and *which court must take it*. If "a court" fails to dispose of community property in a final decree of divorce, then "the court"—that is, the court that failed to dispose of the property—"*shall divide the*

---

[9] Tex. Fam. Code § 7.001.

[10] *Id.* § 9.004.

[11] *Id.* § 9.203(a) (emphases added).

5

*property* in a manner that the court deems just and right . . . ."[12] "The court" in the main clause of Section 9.203(a) refers to "a court" in the antecedent conditional clause, constraining jurisdiction to the district court that exercised it earlier in adjudicating the parties' divorce.

Section 9.203 is a jurisdiction-affixing provision. We have held, and the Texas Constitution provides, that "[a] district court has subject-matter jurisdiction to resolve disputes unless the Legislature divests it of that jurisdiction."[13] If any district court can hear a post-divorce marital-property division claim, then the designation of a particular court to hear such a claim is completely unnecessary.[14]

Examining the subsection that follows, Section 9.203(b), supports this conclusion. Section 9.203(b) addresses undivided marital property when a court outside of Texas adjudicated the divorce. It provides that, if "a court in another state" fails to dispose of marital property upon divorce, then "*a court* of this state" shall apply the law of the first state in a claim for division of undivided marital property.[15] In such a circumstance, the statute does not confine jurisdiction to a particular court, because the court that rendered the initial decree was not a Texas district court. In contrast, Subsection (a), which governs this suit,

---

[12] *Id.* (emphasis added).

[13] *In re Oncor Elec. Delivery Co.*, 630 S.W.3d 40, 44 (Tex. 2021); *see* Tex. Const. art. V § 8.

[14] In interpreting a statute, we must give effect to each provision. *TIC Energy and Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016) (observing that, in construing a statute, this Court "giv[es] effect to each provision so that none is rendered meaningless or mere surplusage").

[15] Tex. Fam. Code. § 9.203(b) (emphasis added).

6

requires the Texas district court that rendered the divorce decree to handle a claim for undivided property.

Section 9.204(a) provides further context. Section 9.204(a) governs the outcome when "a court of this state" lacked jurisdiction over a spouse or the property, and thus failed to divide it, but then later acquired jurisdiction:

> If *a court of this state* failed to dispose of property subject to division in a final decree of divorce or annulment because the court lacked jurisdiction over a spouse or the property, and *if that court subsequently acquires the requisite jurisdiction, that court may divide the property* in a manner that the court deems just and right . . . .[16]

In the absence of jurisdiction in the first instance, a court that later acquires it "may divide" marital property. In contrast, when a district court had jurisdiction and rendered the initial decree, as in Section 9.203(a), that court is *the* court that "shall divide" the property. Sections 9.204(a) and 9.203 use a similar formulation, with Section 9.204(a) clarifying that its further conditions apply to "that" court.

Read together, Sections 9.203 and 9.204 display the Family Code's preference for a comprehensive just and right division, instead of piecemeal adjudication of infinite duration scattered across district courts. Subchapter C covers a universe of possibilities—post-divorce divisions when the court that issued the initial decree had jurisdiction over the property or did not, within or without the state. In each case, the Code provides that a "just and right" division is the rule of decision

---

[16] *Id.* § 9.204(a) (emphases added).

for a Texas divorce. For in-state divorces, the statute further commands that the court that rendered the divorce in the first instance adjudicate the claim.

**B**

The Court instead holds that another provision of Subchapter C—Section 9.201(a)—grants concurrent jurisdiction to any district court. That provision says that "[e]ither former spouse *may* file a suit" seeking a post-divorce division of marital property.[17] The "may" in Section 9.201(a) does not overcome the "shall" in Section 9.203. Section 9.201 creates a cause of action. The Legislature follows adoption of that cause with another statute, Section 9.203(a), which affixes jurisdiction in a particular court for claims that arise after an in-state final decree. The language in Section 9.203(a) is not permissive. It instructs that "the court" that rendered the initial decree "shall divide" any undivided marital property in a just and right manner.[18] "Shall" is mandatory language.[19] That Section 9.201(a) permits spouses to file suit says nothing about which court must adjudicate such a claim. Section 9.203(a) explicitly does.

---

[17] *Id.* § 9.201(a) (emphasis added).

[18] *Id.* § 9.203(a).

[19] *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) ("We generally construe the word 'shall' as mandatory, unless legislative intent suggests otherwise.").

Attempting to compare Section 9.203(a) with dissimilar Family Code provisions does not undo its jurisdictional command.[20] No magic words are necessary to establish a jurisdictional boundary when the context plainly indicates that the statute creates one. Thus, "[a]lthough the statute authorizing the creation of [an administrative agency] does not contain the words 'exclusive jurisdiction,' as many statutes granting an administrative body exclusive jurisdiction do," the Legislature can otherwise indicate that such jurisdiction is exclusive.[21] True, some Family Code provisions provide for "continuing, exclusive" jurisdiction. Under Section 9.203(a), in contrast, the divorcing court's jurisdiction is not continuous—because court oversight was supposed to have been concluded after the initial divorce decree—but it nevertheless is exclusive. By providing a comprehensive framework for dividing the marital estate, including the particular court to decide this post-divorce action, the Family Code's intent is clear.

As a practical matter, the Court's approach does not accord proper finality to the parties' final decree. The final decree dissolves the entire

---

[20] *See* 634 S.W.3d at 105 (noting Section 9.201(a)'s lack of "provisions expressly provid[ing] for continuing, exclusive jurisdiction," as in other Family Code statutes).

[21] *Thomas v. Long*, 207 S.W.3d 334, 341 (Tex. 2006). The Court points out that the statute in *Thomas* "authorize[d] the [agency] to extend specified rights to employees *that are not available at common law.*" *Ante* at 21; *id.* But the right to a just and right division of marital property is another right unavailable at common law, granted to divorcing parties only by statute. *See* Tex. Fam. Code § 7.001 (granting the court power to divide the post-divorce marital estate in a just and right manner).

9

marital estate.[22] As with other final judgments, a divorce decree adjudicates all claims that were brought or that could have been brought.[23] The parties here expressly acknowledged as much. That division has res judicata effect and cannot be dislodged via collateral attack absent statutory exception.[24]

Like the common law before it, the Legislature in Chapter 9 permits an exception for claims seeking division of allegedly "undivided" property. As with Chapter 9's other exceptions, Section 9.203(a) is a legislatively endorsed exception to the finality of the final divorce decree. Once a former spouse brings a challenge within the proper time frame and establishes that an asset went undivided, that undivided property is subject to a just and right division as a part of the overall marital estate.[25] That does not mean, however, that a former spouse may bring suit post-divorce alleging an undivided interest *any*time, *any*where.

---

[22] *Koepke v. Koepke*, 732 S.W.2d 299, 300 (Tex. 1987) (holding that a divorce decree is a final judgment, and that "[o]mission of certain community property from a divorce decree does not affect its finality").

[23] *Id.* The decree in this case recites that it is "a final judgment" as to "all claims and all parties."

[24] *Baxter v. Ruddle*, 794 S.W.2d 761, 762 (Tex. 1990) ("It is clear that res judicata applies to a final divorce decree to the same extent that it applies to any other final judgment . . . . If an appeal is not timely perfected from the divorce decree, res judicata bars a subsequent collateral attack."); *see also* *Brown v. Brown*, 236 S.W.3d 343, 347 (Tex. App.—Houston [1st Dist.] 2007, no pet.). In *Brown*, the petitioner could not establish that the property at issue went undivided in the initial decree; thus, res judicata barred the claim. *Id.* at 349. In acknowledging the exception for undivided property, the court of appeals had no occasion to address jurisdiction, and the suit was properly filed in the district court that had entered the initial decree. *Id.* at 346.

[25] Tex. Fam. Code § 7.001.

Such is the effect of the Court's ruling. In upholding the notion that later judgments from hither and yon may supplant—or at the very least, supplement—the original decree, the Court turns our jurisprudence favoring jurisdiction and disfavoring collateral attacks on its head.[26]

As our Court has recognized, the Legislature may vest exclusive jurisdiction in one district court to the exclusion of others; it has done so

---

[26] *Dubai Petroleum*, 12 S.W.3d at 76 (overruling this Court's precedent that "failure to establish a statutory prerequisite" is jurisdictional, to preserve the finality of judgments and to protect them from delayed attack).

We agree that mandatory statutory requirements are not automatically jurisdictional prerequisites. *Ante* at 19. There is a difference, however, between a statute that itemizes mandatory elements necessary to bring a claim and a statute that fixes the suit in a particular court. As we have held, such requirements are, in fact, jurisdictional. *See, e.g.*, *City of Waco v. Lopez*, 259 S.W.3d 147, 156 (Tex. 2008) (dismissing claim for lack of jurisdiction because whistleblower complaint must be filed to the Texas Workforce Commission); *United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 403 (Tex. 2007) (dismissing case for lack of jurisdiction because amount in controversy exceeded the statutory limit for county court jurisdiction); *Campbell v. Wilder*, 487 S.W.3d 146, 150 (Tex. 2016) (recognizing that Section 65.023(b) of the Civil Practice and Remedies Code confines jurisdiction to stay execution of judgment to court that rendered it unless "relief can be granted independently of the judgment"); *see also Abbott v. Hearthwood I Ass'n Inc.*, No. 14-18-00333-CV, 2020 WL 1026443, at *3 (Tex. App.—Houston [14th Dist.] Mar. 3, 2020, no pet.) (dismissing case for lack of jurisdiction because, under Texas Government Code Section 27.031, plaintiff sued in the wrong court).

Further, to the extent the majority is concerned with the proliferation of future void judgments in these cases, we note that the Texas Constitution and the Government Code permit district courts to "exchange districts, or hold courts for each other when they may deem it expedient . . . ." Tex. Const. art. V § 11; *see also* Tex. Gov't Code § 24.003 ("Transfer of Cases; Exchange of Benches"); *Dickerson v. State*, No. 05-20-00339-CR, 2021 WL 5410523, at *1 (Tex. App.—Dallas Nov. 19, 2021, no pet.) ("[T]he absence of a transfer order is not a jurisdictional problem, and it does not render the actions of the transferee court void . . . . [but] is properly addressed by a plea to the jurisdiction.").

in a variety of contexts.[27] In particular, jurisdiction over a suit seeking to modify, enjoin, or collaterally attack an earlier judgment often must be brought in the court that issued the judgment under review.[28] When a party seeks to modify an in-state divorce, the Family Code confines jurisdiction over the claim in the court that rendered the judgment, similar to attacks on an otherwise final judgment brought through a bill of review.[29] "Finality is uniquely important in family law matters," and like other Family Code statutes, Section 9.203(a) "quite reasonably precludes subsequent bites at the apple that threaten finality in perpetuity" by limiting where and how parties may assert a challenge to a final divorce decree.[30]

---

[27] *See, e.g.,* Tex. Loc. Gov't Code § 72.009(a) (A county boundary dispute suit "must be brought in the district court of a county in an adjoining judicial district whose boundaries are not affected by the suit and whose county seat is closest to the county seat of the county that brings the suit."); Tex. Code Crim. Proc. art. 55.02 § 1 ("[T]he trial court presiding over the case in which the person was acquitted, if the trial court is a district court, a justice court, or a municipal court of record, or a district court in the county in which the trial court is located shall enter an order of expunction for a person entitled to expunction under Article 55.01(a)(1)(A) not later than the 30th day after the date of the acquittal."); Tex. Tax Code § 112.001 ("The district courts of Travis County have exclusive, original jurisdiction of a taxpayer suit brought under this chapter.").

[28] *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 65.023(b) (confining actions to stay a judgment to the court in which the judgment was rendered); *see also Campbell*, 487 S.W.3d at 150; *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010) (collecting cases) ("Because it is a direct attack, a bill of review must be brought in the court that rendered the original judgment, and only that court has jurisdiction over the bill.").

[29] *Frost Nat. Bank*, 315 S.W.3d at 504.

[30] *See In re D.S.*, 602 S.W.3d 504, 512, 517 (Tex. 2020) (discussing finality of judgments in parental-rights termination cases).

12

## C

The Property Code permits joint property owners to enlist a district court to divide their property.[31] A Property Code partition accounts for rents and profits received, taxes paid, waste committed, or improvements made.[32] It does not provide for a "just and right" division, as the Family Code mandates for the division of the marital estate.[33] Accordingly, a partition does not consider the remaining marital estate, the agreement incident to divorce, or the distribution of the parties' other assets.[34] A "just and right" division allows courts to consider all of these factors, as well as others outside a particular marital asset, like fault contributing to the dissolution of the marriage and disparity of income.[35]

---

[31] Tex. Prop. Code § 23.001 *et seq.* ("A joint owner or claimant of real property or an interest in real property or a joint owner of personal property may compel a partition of the interest or the property among the joint owners or claimants under this chapter and the Texas Rules of Civil Procedure.").

[32] *Sayers v. Pyland*, 161 S.W.2d 769, 771 (Tex. 1942).

[33] Tex. Fam. Code § 7.001.

[34] *See Smith v. Cooper*, 541 S.W.2d 274, 277 (Tex. App.—Texarkana 1976, no writ) (limiting the court's "wide latitude in the adjustment of equities" to only equities "which have arisen from or are in some way connected with the real estate to be partitioned" (citing *Richardson v. Kuhlmyer*, 250 S.W.2d 355, 359–60 (Mo. 1952)); *Disbrow v. Thibodeaux*, 596 S.W.2d 174, 176 (Tex. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.), *abrogated on other grounds by Berry v. Berry*, 647 S.W.2d 945 (Tex. 1983) (holding that, in adjusting the equities of parties to a post-divorce partition, "the equities and claims involved must relate to the common property to be partitioned," and "the financial situation of the parties and other factors not relating to the property cannot be considered").

[35] *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018).

In divorce cases, an equal division of one marital asset is often not an equitable division in light of the overall division of the community estate. Our Court recognized this important distinction in *Busby v. Busby*, a suit for a post-decree division decided before the Legislature passed Section 9.203(a).[36] In 1987, the Legislature addressed the potential inequity of a post-divorce partition by enacting then-Section 3.90 of the Family Code, titled "Procedure for Division of Certain Property not Divided on Divorce or Annulment."[37] Section 3.91(a) instructed "the court" that failed to divide marital property upon divorce that it "shall divide the property in a manner that the court deems just and right:"[38]

> If a final decree of divorce or annulment rendered by a Texas court failed to dispose of property subject to division under Section 3.63 of this code even though *the court* had jurisdiction over the spouses or over the property, *the court shall* divide the property in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.[39]

Like its modern version, Section 3.91(a) charged the divorcing court with the duty to divide the property in the later suit as it should have done in the original divorce proceeding.

---

[36] 457 S.W.2d 551, 555 (Tex. 1970) ("We strongly suspect that the trial court which pronounced the decree of divorce and ordered a division of the estate of the parties in 1963, would not have divided defendant's disability retirement benefits as is being accomplished here.").

[37] Act of July 20, 1987, 70th Leg., 2nd C.S., ch. 50, § 3, 1987 Tex. Gen. Laws 159, 160 (current version at Tex. Fam. Code §§ 9.201–9.205).

[38] *Id.*

[39] *Id.* (emphases added).

M.B. seeks a post-divorce Property Code partition of an allegedly undivided community interest. By enacting Subchapter C, however, the Legislature displaced the common law with a rule of just and right division for the entire community estate.[40] We have never held that a post-divorce common law tenancy interest created by operation of law survives Subchapter C's enactment. In deciding today's jurisdictional question, however, the Court takes that as a given, relying on cases that predate Subchapter C or in which we declined to apply any remedy at all.[41] Though we disfavor abrogation of the common law, the Legislature

---

[40] *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 802 (Tex. 2010) (noting that, while "abrogation of common-law claims is disfavored," this Court "will construe the enactment of a statutory cause of action as abrogating a common-law claim if there exists 'a clear repugnance' between the two causes of action" (quoting *Cash Am. Int'l, Inc. v. Bennett*, 35 S.W.3d 12, 16 (Tex. 2000)).

[41] *Ante* at 13–15. The Court cites *Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997), for the proposition that undivided property is subject to a later partition. The Court in *Wilde* held that the property at issue was in fact divided by the decree. *Id.* at 333. Moreover, *Wilde* cites as support cases that predate the Family Code's remedies. *See generally id.*

The Court also cites *Laster v. First Huntsville Props. Co.*, 826 S.W.2d 125 (Tex. 1991), to support the statement that "[w]e have also used joint ownership 'to refer both to property held in joint tenancy, and property held in cotenancy.'" *Ante* at 7 n.8; *id.* at 129 (citing *Stauffer v. Henderson*, 801 S.W.2d 858 (Tex. 1990), and *Harrell v. Harrell*, 692 S.W.2d 876 (Tex. 1985)). *Laster* involved a divorce decree that awarded 73.83% of the community property to the former wife, along with the exclusive right to use the homestead residence until the children came of age. *Id.* at 127–28. The question in that case related to the nature of the property interest held by the former husband's successor. *Id.* at 128–29. It should not be confused as an authority on what interest spouses have in property that escaped division by decree.

15

can, and often does, displace common law remedies.[42] When the Legislature instructs that the court "shall" apply the rule of just and right division, the common law remedy must give way. A property interest can be divided only once; it cannot be both partitioned and justly and rightly divided.[43]

The Court answers that a party facing a claim for partition potentially could counterclaim for a just and right division, accepting the argument that the Property Code and the Family Code provide alternative options for dividing undivided marital property.[44] This solution is not the one the statute provides. The Legislature offers

---

[42] *See Waffle House*, 313 S.W.3d at 802 (observing that statutory abrogation of common-law claims is disfavored and addressing the standard used to determine if such a claim has been abrogated).

[43] *See Busby*, 457 S.W.2d at 555 (noting, after partitioning property, that the divorce court would likely have apportioned property differently in a just and right division).

[44] The Court further seemingly accepts that the Property Code is the appropriate rule of law for division of the claim alleged. The property interest asserted in this case, however, is one involving limited partnerships—not real property. Separate statutory and contractual provisions govern such interests. For example, a limited partnership agreement in the record provides that, upon involuntary transfer, the transferee is entitled to distributions in proportion to the transferred interest. And the Business Organizations Code governs partnership interests divided by divorce, denominating the ex-spouse as a "transferee," not as a tenant in common. Tex. Bus. Orgs. Code § 152.406(a)(1) ("For purposes of this code: (1) on the divorce of a partner, the partner's spouse, to the extent of the spouse's partnership interest, if any, is a transferee of the partnership interest . . . ."). Although Section 152.406(a)(1) is specific to general partnerships, the Limited Partnership Act incorporates that provision by reference. *Id.* § 153.003(a).

16

multiple ways to assert a post-divorce community interest.[45] The Court chooses to ignore them and to adopt its own.

The Court's solution is also not one that works. Even the Court concedes that material differences exist between the Family Code's statutory right to a just and right division and the Court's view of a common law property interest created by operation of law.[46] These differences demonstrate the incompatibility of the Family Code with the Court's view, and the Court offers no clues as to how they may coexist.[47] For example, the Legislature's two-year limitations period significantly differs from the Court's apparently nearly limitless availability of partition.[48] We should not profess to know better than the Legislature what policy of finality should apply to post-divorce claims of undivided marital property.[49]

---

[45] *See* Tex. Fam. Code § 9.101 *et seq.*

[46] *Ante* at 27.

[47] *See Waffle House*, 313 S.W.3d at 807 (summarizing the differences between the statutory and common law remedies at issue and concluding that if the common law claim is allowed to coexist with the statutory claim, "the panoply of special rules applicable to [statutory] claims could be circumvented").

[48] Tex. Fam. Code § 9.202(a). Community property does not remain in "suspended animation" when Subchapter C's statute of limitations expires. *Ante* at 36. At some point, courts must look beyond the perpetual assertion of an unrecorded community interest—to a contract, deed, or other relevant evidence—to determine ownership.

[49] Before us in this permissive appeal is purely a jurisdictional question. Yet the Court's discourse delves into the merits of the alleged claim and into what the divorce decree in this case says about the claimed interest—according to the Court, *"nothing." Ante* at 17.

Both our precedent and the Government Code instruct that the more specific statute controls when conflicting statutory provisions exist "unless the general provision is the later enactment and the manifest intent is that the general provision prevail."[50] The Family Code is patently more specific in governing an undivided piece of marital property than Section 23.001 of the Property Code. The latter governs property division among the larger class of tenants-in-common, and it applies to interests that do not arise by operation of law at the cessation of a marriage. In contrast, the Family Code expressly governs the post-decree division of marital property. Further, now-Section 9.203 of the Family Code—enacted in 1987—is the later-enacted statute; the Legislature most recently reenacted Section 23.001 of the Property Code in 1983.[51]

The proper method of dividing a leftover piece of marital property is what Section 9.203(a) commands: a just and right division in the court that rendered the final divorce decree.

**III**

With its decision, the Court undoes the Legislature's work. The Court's permissive choice between just and right division and partition provides an incentive for embittered parties to hide or neglect to discover community property, finalize the divorce, and then sue to partition that

---

[50] Tex. Gov't Code § 311.026(b); *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 716 (Tex. 2015).

[51] *Compare* Act of May 26, 1983, 68th Leg., R.S., ch. 576, § 1, 1983 Tex. Gen. Laws 3475, 3513 (codified at Tex. Prop. Code § 23.001), *with* Act of July 20, 1987, 70th Leg., 2nd C.S., ch. 50, § 3, 1987 Tex. Gen. Laws 159, 160 (current version at Tex. Fam. Code §§ 9.201–9.205).

property in a court of the spouse's choice—a court without the benefit of first-hand knowledge of the circumstances of the divorce, with any division the court makes not subject to the rule of just and right division.[52] Fixing jurisdiction with the court that decided the original decree prevents this kind of forum shopping when disputes as to the finality of a decree arise.

Divorced spouses are welcome to make contractual arrangements that are not incident to their divorce, for which other law governs. If a property right arises from something other than a community interest not divided in the final divorce decree, then the Family Code's mandated just and right division does not apply. But it is alleged here that the interests at issue arose by operation of law when a court dissolved the community estate upon the parties' divorce, not as part of an independent agreement between the parties.

The Family Code affixes jurisdiction in the court best equipped to accomplish a just and right division of marital property that went undivided in the final decree. In contrast, this Court permits a suit to divide the property to be brought in a county far from the court that

---

[52] As Chief Justice Sudderth in her dissent observed:

It would be absurd, indeed, to allow a party who hid assets during a divorce proceeding to get a second bite at the apple post-divorce by unilaterally filing in the court of his or her choice when the Legislature has provided that the party *shall* receive a 'just and right' division of the assets by the divorce court exercising its jurisdiction over the case.

634 S.W.3d at 108 (Sudderth, C.J., dissenting); *see also* Tex. Fam. Code §§ 7.001, 9.203(a) (emphasis added).

heard the divorce, possibly to one spouse's extreme detriment.[53] Unfamiliar with the facts and record surrounding the parties' divorce, that new court essentially must relitigate the divorce.[54] This result is exactly what the statute precludes.

*　　*　　*

Section 9.203(a) of the Family Code vests jurisdiction over suits asserting a post-divorce interest in marital property in the court that rendered the final decree. In so doing, the Legislature limited when and how a former spouse may pursue further division of the marital estate once the divorce is final. In keeping with the Legislature's prerogative to affix jurisdiction in a particular court, we should reverse the court of appeals' judgment. Because we do not, I respectfully dissent.

Jane N. Bland
Justice

**OPINION DELIVERED:** June 17, 2022

---

[53] Tex. Prop. Code § 23.002(a) ("A joint owner or a claimant of real property or an interest in real property may bring an action to partition the property or interest in a district court of a county in which any part of the property is located.").

[54] The Court offers that some claims may not arise until after the judge who rendered the final decree has left the bench. *Ante* at 29–30. However, "a trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties." *Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex. 1961).